**UNITED STATES of America ex rel.
John J. LOWRY**

v.

**John D. CASE, Warden.**

**Misc. No. 3876.**

United States District Court
E. D. Pennsylvania.

May 1, 1968.

Robert J. Hastings, Doylestown, Pa., Anthony A. Mandio, Bristol, Pa., for petitioner.

Ward F. Clark, Dist. Atty., John J. Collins, Asst. Dist. Atty., Doylestown, Pa., for respondent.

OPINION

JOSEPH S. LORD, III, District Judge.

John Lowry, convicted of first degree felony murder in 1951, is before me on two petitions: one entitled "Petition for Writ of Supercedes" [1] and the other for habeas corpus.

On June 14, 1965, I entered an Order granting an earlier habeas petition. I stayed the issuance of the writ for sixty days in order to permit the Commonwealth to retry relator or to seek appellate review. United States ex rel. Lowry v. Myers, 242 F.Supp. 477 (E.D. Pa. 1965). The Commonwealth appealed, but sought no further stay in the Court of Appeals. On July 29, 1966 the Court of Appeals affirmed my decision. 364 F.2d 297 (C.A. 3, 1966). On August 22, 1966, following the remand, I ordered execution of the writ and the relator was released. He was immediately re-arrested on the original indictment and has been confined since that time awaiting his re-trial, which is now scheduled for May 27, 1968.

---

1. I know of no such writ in the federal scheme vis-a-vis state courts.

The present habeas petition is based on two asserted grounds: failure to re-try Lowry within sixty days from June 14, 1965 or within sixty days following affirmance by the Court of Appeals, and denial of a speedy trial. The petition for "writ of supercedes" asks me to stay the state trial pending determination of the habeas corpus petition.

■ Relator mistakes the effect of the granting of the writ in 1965. Its only effect was to release relator from custody springing from a constitutionally unfair trial. Since the Commonwealth did not re-try relator within sixty days from June 14, 1965 or seek a further stay in the Court of Appeals, that release was effectuated on August 22, 1966, when the writ was executed after the remand. This release, however, did not impede the Commonwealth's right to re-arrest, re-arraign and re-try defendant on the 1951 indictment. In United States ex rel. Craig v. Myers, 329 F.2d 856 (C.A. 3, 1964), Judge (now Chief Judge) Hastie said, at page 860:

"Finally, the district court ordered Craig's release from confinement without mention of the state's right to ar-raign him again on the 1931 indict-ment, after providing him with coun-sel. * * * In any event, the 1931 indictment has not been invalidated. The granting of the federal writ of habeas corpus in the present circum-stances does not preclude a new ar-raignment and trial, or the taking of proper steps to hold the defendant in custody or under bail pending trial. This may have been implicit in the judgment below. We now make it ex-plicit. * * *"

Relator's first ground for relief there-fore is without merit.

As to the alleged denial of speedy trial, the petition is both defective and, in my judgment, premature.

The speedy trial provision of the Sixth Amendment applied only to federal courts until it was made applicable to the states by Klopfer v. State of North Caro-lina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed. 2d. 1 (1967). We must, then, turn to federal decisions for guidance as to the ingredients of a speedy trial violation.

■■ Four factors " 'are relevant to a consideration of whether denial of a speedy trial assumes due process [or Sixth Amendment] proportions: the length of delay, the reason for the de-lay, the prejudice to defendant, and waiv-er by the defendant.' " United States v. Simmons, 338 F.2d 804, 807 (C.A. 2, 1964). As to the necessity for prejudice, it is true that in United States v. Lust-man, 258 F.2d 475 (C.A. 2, 1958), cert. den. 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed. 2d 109 (1958), the court said that "a showing of prejudice is not required when a criminal defendant is asserting a constitutional right under the Sixth Amendment." However, that case seems to have been limited to a situation where the delay was "so substantial as to be prima facie prejudicial." United States v. Simmons, 338 F.2d 804, 808 (C.A. 2, 1964). See also United States v. McIn-tyre, 271 F.Supp. 991 (S.D.N.Y. 1967), and cf. United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). And a delay may be prejudicial when it is "purposeful or oppressive", Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), and "caused by the deliberate act of the government." Petition of Provoo, 17 F.R.D. 183, 201 (D. Md.), aff'd per curiam, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761 (1955).

■ The delay here has been by no means so substantial that prejudice can be presumed. Relator was re-arrested on August 22, 1966. From the face of the petition, it appears that relator was listed for trial in February, 1967, but that he filed an application for a writ of habeas corpus in Bucks County as of No. 730, March Term, 1967. Any delay there-after was occasioned by the pendency of that application and relator's appeal to the Supreme Court of Pennsylvania, which on March 15, 1968 affirmed the de-nial of the writ. Commonwealth ex rel. Lowry v. Case, 428 Pa. 598, 238 A.2d

767 (1968). Thus, from the petition itself, the maximum delay that can be attributed to the Commonwealth is six months,[2] an insignificant period when it is considered that the alleged offense was committed seventeen years ago.

 Since the state's delay here was not such as to be *prima facie* prejudicial, it is necessary for relator to allege prejudice in fact. This he has not done. Cf. United States v. Ewell, supra.

Further, "the right [to speedy trial] is personal to the defendant and is deemed waived unless promptly asserted." United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (C.A. 2, 1963). And a petition which fails to allege a demand by defendant for an earlier trial is fatally defective. Hastings v. McLeod, 261 F.2d 627 (C.A. 10, 1958); United States ex rel. Allen v. Rundle, 233 F. Supp. 633 (E.D. Pa. 1964). The petition here contains no such allegation.

In light of the requirement of prejudice, it is apparent to me that besides being defective, the petition is premature. I have found no case in which federal habeas was invoked for failure of a speedy state trial in advance of the trial. This is hardly surprising, for it may well be that the defendant would be acquitted at trial. Or it may be that even if convicted, relator would be unable to demonstrate that he was unfairly prejudiced by the delay.

It is not enough that exposure to trial may subject relator to public opprobrium. The core question is the fairness of his trial. In United States ex rel. Von Cseh v. Fay, 313 F.2d 620 (C.A. 2, 1963), supra, the court said, at page 624:

" * * * It is not the purpose of the due process clause to defend an accused against public opprobrium. So far as this case is concerned, it is addressed only to guaranteeing that the is-

sues were not unfairly determined by reason of the long delay. * * *"

In addition, Title 28 U.S.C. § 2283 commands that:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The issuance of the writ at this time would be a contravention of the prohibitory provision of that Section.

Because the petition is both defective and premature, it must be denied. In light of the foregoing disposition, the writ of "Supercedes" will also be denied.

It is so ordered. There is no probable cause for appeal.

---

2. The Commonwealth's answer, however, alleges that the case was listed in December, 1966, February, 1967, March, 1967, and April, 1967, but that it was continued on each occasion at the request of relator or his counsel.