708

**Louis JONES, Petitioner,**

v.

**Willie WILSON, Sheriff, etc., and Heiskell Winstead, Respondents.**

**Civ. A. No. 2185.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 12, 1970.

William T. Berry, G. P. Gaby, Greeneville, Tenn., for petitioner.

Ben K. Wexler, Asst. Atty. Gen., Greeneville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

Having found that the petitioner Mr. Jones was, and for seven years had been, serving a sentence of imprisonment in the custody of the warden of the Tennessee state penitentiary pursuant to a judgment of the Criminal Court of Greene County, Tennessee, whose jurisdiction to impose such judgment was not shown to have existed, this Court concluded that available corrective processes of the state of Tennessee were ineffective to protect the rights of the prisoner Mr. Jones and assumed jurisdiction of his application for the federal writ of habeas corpus. Memorandum opinion of November 27, 1968, D.C., 294 F.Supp. 423. Once this Court acquired such jurisdiction, that jurisdiction continued and continues until this Court has done all it can do in the exercise thereof to grant such relief as is indicated in its jurisdictional power to grant. United States ex rel. Riggs v. Johnson County (1868), 73 U.S. (6 Wall.) 166, 18 L.Ed. 768, 773 (headnote 3). The petitioner was ordered on May 20, 1969 to be retried by the aforenamed tribunal within a reasonable time or released, and a reasonable time was then declared to be by the adjournment of the next term of such tribunal. D.C., 299 F.Supp. 970.

It was developed afterward that the next term of such court was its September, 1969, term which was not adjourned until the convening of its January, 1970, term. It was provided consistently in this Court's orders herein of May 20, 1969, October 14, 1969, November 17, 1969 and January 19, 1970 that Mr. Jones was to be tried within a reasonable time, absent a showing of good cause why such retrial had not been held and concluded within the period designated as a reasonable time. At no time did this Court declare its intention that its order of November 17, 1969 embodied a final decision. See United States v. F. & M. Shaefer Brewing Co. (1958), 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721, 726. Rule 59, Federal Rules of Civil Procedure, must be given a "* * * practical rather than a technical construction. * * *" Gillespie v. United States Steel Corp. (1964), 379 U.S. 148, 152-153, 85 S.Ct. 308, 13 L.Ed.2d 199, 203 [1, 2]. Not until January 29, 1970 did the respective respondents show good cause why such retrial had not been held and concluded by the adjournment of such September, 1969, term. When such good cause was shown in the hearing of January 29, 1970, the Court established a new period as a reasonable time in which such retrial must be held and concluded.

Through diligent and able court-appointed counsel, the petitioner Mr. Jones now seeks a new trial of the issues adjudicated on the latter-mentioned date. It is urged that this Court was foreclosed by Rule 59(d), Federal Rules of Civil Procedure, from amending its order of November 17, 1969, requiring Mr. Jones to be retried or released on this charge.

This contention is without merit. Although habeas corpus is a legal, rather than an equitable, remedy, amenable ordinarily to the provisions of Rule 59(d), *supra*, Hunter v. Thomas, C.A.10th (1949), 173 F.2d 810, 812 [2], to the extent that such rule is in conflict with 28 U.S.C. § 2243, which authorizes this Court to dispose of applications for the federal writ of habeas corpus "* * * as law and justice require * * *", the federal rules of civil procedure are inapplicable. Rule 81(a) (2), Federal Rules of Civil Procedure.

In considering the petitioner's application for a new trial (or rehearing), the Court must determine whether the reasons advanced indicate that a substantial injustice was done by improper action on the part of the Court on January 29, 1970, and whether any new trial or rehearing will accomplish more than a mere relitigation of the issues already adjudicated. Miller v. Pacific Mutual Life Insurance Company, D.C.Mich. (1954), 17 F.R.D. 121, 124 [1, 2], affirmed C.A.6th (1955), 228 F.2d 889.

On the immediately forementioned date petitioner's counsel were accorded unlimited latitude in interrogating the added defendant, the district attorney general for the 20th judicial circuit of Tennessee, in all matters which could in any way cast light upon the allegations of Mr. Jones that there was a continuation of the denial of his federal constitutional rights. This Court did not so find. Indeed, for the first time good cause was shown *this* Court by the respondents for the failure of the Criminal Court of Greene County, Tennessee to retry Mr. Jones on the indictment for which he was serving time when this Court assumed jurisdiction of his application. Had this been done earlier, Court, litigants and counsel would have been saved much valuable time.

As the granting of a rehearing on issues already heard fully and determined could in no way subserve the cause of justice, *cf.* United States ex rel. Brink v. Claudy, D.C.Pa. (1952), 102 F. Supp. 802, 803, affirmed C.A.3rd (1953), 200 F.2d 699, certiorari denied (1953), 345 U.S. 930, 73 S.Ct. 792, 97 L.Ed. 1360, the motion of the petitioner of February 4, 1970 hereby is

Denied.