**UNITED STATES of America**

v.

**George N. SMALL.**

**Crim. No. 72–195.**

United States District Court,
E. D. Pennsylvania.

July 28, 1972.

Henry J. Horstmann, Asst. U. S. Atty., Carl J. Melone, U. S. Atty., Philadelphia, Pa., for plaintiff.

Robert M. Rosenblum, Goldstein & Rosenblum, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This motion is now before the Court on defendant Small's Motion to Dismiss the Indictment because of an alleged de-

nial of his right to a speedy trial under the Sixth Amendment. We are somewhat handicapped in determining all the facts bearing on this question since many relevant witnesses are now scattered all over the world. Defendant Small has moved to depose those witnesses, and asked expenses for those depositions under Criminal Rule 15(c). The expenses of this request might, if granted, cost the taxpayers thousands of dollars.

Still, the allegations made by defendant Small are serious and would, if established, clearly require dismissal of the indictment. In such a situation, the money would necessarily have to be spent to allow an impecunious defendant to prove his claims, so long as those claims did not appear to be entirely frivolous. In the present case, however, this Court has determined that the depositions and other documents before the Court establish sufficient facts to dispose of the motion without resorting to further extensive worldwide depositions at government expense.

Certain things are clear. Defendant Small is charged with three counts of a five count indictment growing out of a mailing of seven pounds of marijuana from Vietnam to one David Zurek in Philadelphia, a newly returned Vietnam veteran and allegedly a friend of defendant Small from Vietnam. The mailing of the marijuana allegedly occurred on May 1, 1971 and was received on June 17, 1971. During this period defendant Small was a quartermaster in the U. S. Navy stationed in Vietnam. Small was connected to this case through certain correspondence found in Zurek's home when it was searched pursuant to a warrant by Federal authorities. The case against Small was, at this point, in an investigatory stage in the U. S. Attorney's Office in the Eastern District of Pennsylvania. Apparently the decision was made to let the Navy handle the matter, for the deposition of Lt. Paul F. Carroll reveals that there was an investigation by Navy Criminal investigators sometime in late June, 1971, and that,

on July 8, 1971, Small was transferred from his normal unit to the Navy Law Center, Logistic Support Base, Nha Be, Vietnam, interrogated, searched, defense counsel was appointed and the matter placed in the hands of Lt. Carroll's office to arrange for prosecution and trial. The U. S. Attorney's Office in the Eastern District of Pennsylvania took no further action in the matter until March of 1972.

By July 26 the deposition of Lt. Carroll taken together with the other documents now before the Court clearly indicates that the defendant had become an accused within the meaning of United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Defendant had been investigated thoroughly, transferred from his normal unit to the Navy Law Center, Logistic Support Base, Nha Be, Vietnam, interrogated and searched. Defense counsel had been appointed, a prosecutor had been appointed, a judge had been appointed, tentative charges were drafted (at least by July 30, 1971) and defendant communicated an intent to plead guilty to Naval authorities.

It has been argued that defendant was not an accused since formal specifications of charges were not submitted to a Special Court Martial. However, the court in *Marion*, supra, recognized that one could become an accused before formal indictment, such as by an arrest or restraint. The Navy procedures in cases such as this are such that formal charges usually aren't filed until the defense and prosecution have both prepared the case with full knowledge that there is a case. The posture of Navy action changed from investigatory to accusatory when defendant was transferred to the Navy Law Center and defense counsel was appointed. The defendant was certainly accused by the Navy when a prosecutor and judge were appointed, and unarguably when draft charges were prepared and presented to the defense attorney. The right to speedy trial attached at least by July 26, 1971 when a prosecutor and judge were appointed. Then the case had clearly

moved from the investigatory to the accusatory stage.

Defendant demanded trial in writing on August 10, 1971. There were counsel on both sides and judges available. Plenty of time for investigation had already passed. Instead of trying defendant or setting a trial date, defendant was transferred to the Philadelphia Naval Base, 8,000 miles from his attorney, without notice to either defendant or attorney, on August 11, 1971. The reason given by Lt. Carroll, who procured the transfer, was that the Navy was afraid they couldn't prove the case they had brought in Vietnam without unacceptable expense, and that it would be better for the prosecution to transfer defendant to Philadelphia where all the prosecution witnesses were. No thought was given to defendant's position. Although defendant had already offered to plead guilty, Lt. Carroll was afraid he would change his mind. (If defendant had changed his mind, however, the Government would surely have been given a reasonable time to prepare its case.) Without thought for defendant's access to witnesses in his own behalf or notice to either defendant or his counsel, defendant was transferred after a demand for trial. On arriving in Philadelphia defendant was incarcerated for ten days, from August 20 to August 30, and formal charges were lodged on September 14, 1971. In the intervening months defendant renewed his demand for trial but was never tried. In March of 1972, the Navy dropped its charges, discharged defendant, and the U. S. Attorney immediately indicted.

█ First, it is clear that since the authority of both prosecutors proceeds from the same sovereignty, an accusation by one has the same effect as an accusation by the other for Sixth Amendment purposes, and rights enforceable against the Navy are rights against the United States. Actions by the Navy denying defendant's Sixth Amendment right to speedy trial are chargeable to and enforceable against the United States Government in a non-military prosecution on the same charges. See: Grafton v. United States, 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084 (1907). The Federal Government can't turn a sow's ear into a silk purse by switching tribunals.

Count I and Count III of the present indictment are clearly identical to part of the Navy charges, and there is no question that, by Navy action, defendant was an accused as to those Counts by July 26, 1971.

█ It might be argued that the charges pressed in the Navy are not identical with the charge pressed by the U. S. Attorney's Office in Count II of the indictment under United States v. Bayer, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947), since no conspiracy to possess with intent to distribute count was ever put forth by the Navy, and therefore that Sixth Amendment rights did not attach to that charge until the March indictment. We are unpersuaded. *Bayer* dealt with the narrow and technical question of former jeopardy. The scope and the purposes of the right to speedy trial are different from those of the prohibition against double jeopardy and the concept of an "accused" for Sixth Amendment purposes is clearly broader than the narrow and technical concept of a "charge" for purposes of the prohibition against double jeopardy. As previously noted *Marion*, supra must be read for the proposition that one can become an accused for Sixth Amendment purposes by arrest. 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 at 479. At arrest there are no formal charges usually outstanding. However, the right to speedy trial attaches. It must by implication attach therefore to all charges accruing to the sovereign springing from the incident giving rise to arrest. The prosecution can't hold out a "kicker" from the effect of the Sixth Amendment by not putting it in the formal indictment once a person is an accused. This interpretation of *Marion* is clearly in line with our traditional dislike of serial and piecemeal prosecutions. Under this interpretation of

*Marion* it is clear that when defendant became an accused for purposes of the right to speedy trial, he became an accused as to all charges inherent in the incident in question which could be raised by the sovereignty making the accusation, and that obviously includes Count II of the present indictment.

The Court has concluded that defendant's Sixth Amendment rights have been violated. There are generally four factors to be considered in a claimed denial of speedy trial: the length of the delay, the reason for the delay, the prejudice to the defendant and any waiver of the right by defendant. United States rex rel. Lowry v. Case, 283 F.Supp. 744 (E.D.Pa.1968). Although the delay here may not be sufficient to give rise to an inference of prima facie prejudice, it has been recognized that when the reason for the delay is improper or oppressive, actual prejudice need not be shown. United States ex rel. Lowry v. Case, supra; United States v. Seafarers Int. Union, 343 F. Supp. 779 (E.D.N.Y.1972). Each case must be judged individually on the relative strengths of these factors in the particular context of that case. *Case,* supra; *Seafarers Union,* supra.

In the present case the delay was at least seven months from the time of defendant's first written demand for trial to defendant's discharge from the Navy and the current indictment. The delay was brought on by defendant's transfer after a demand for trial without any regard for defendant's rights, or defendant's access to witnesses or his already working and able counsel. If that were not enough, the Navy did not try defendant in the ensuing six months despite repeated demands for trial, and finally even the Navy apparently became apprehensive about the way they had handled Small's case. Hence, the fancy

footwork in the well-coordinated dropping of charges, discharge and civilian indictment. Perhaps the Navy did not have to bring charges in Vietnam originally, and could have properly transferred defendant to Philadelphia before he was accused. However, the decision was to proceed in Vietnam and certain rights accrued from that decision. This Court finds even from the admittedly incomplete evidence before it, that defendant's right to speedy trial has been violated and that the ends of justice can only be served by the dismissal of the present indictment against him.[1]

---

1. Defendant alleges that he could prove even more questionable motivation for the transfer and resulting delay, and actual prejudice resulting from the unavailability of witnesses necessary to an insanity defense, by deposing witnesses now in, inter alia, San Francisco, Japan and Italy. However, because of the result reached in this Memorandum, such depositions (which would have been at Government expense) are not now necessary.