**Commonwealth v. Bush (No. 1)**

Before Bodley, Garb and Rufe, JJ.

*G. Roger Markley*, Assistant District Attorney, for Commonwealth.

*Gerald E. Bloom, III*, for defendant.

GARB, J., April 2, 1975.—Defendant has moved to dismiss the various charges against him now outstanding before us. He has been indicted on charges of aggravated assault and simple assault, and three

separate transcripts filed by private prosecutors charging him with the summary offenses of harassment have been forwarded by the district justice of the peace. Subsequent to the indictment and prior to the date fixed for trial, defendant had filed written motions to dismiss on the grounds of violation of Pa. R. Crim. P. 1100, double jeopardy, speedy trial, and the mandates of Commonwealth v. Campana, 455 Pa. 622 (1974). We are satisfied that defendant's motion under Rule 1100 is dispositive of the matters before us and, therefore, his contentions regarding the other questions raised are obviated.

On March 4, 1974, as a result of a complaint lodged by Officer Boyle, of the Bristol Township Police Department, a warrant was issued against defendant charging him with aggravated assault, simple assault, disorderly practices and harassment as a result of an incident allegedly occurring on that date. Defendant was duly arrested on these charges and a preliminary hearing fixed before the issuing magistrate on March 27, 1974. At the time fixed for the said hearing, it was continued due to the failure of Officer Boyle to appear. The hearing was subsequently fixed for May 16, 1974, at which time Officer Boyle again failed to appear, as a result of which the district justice of the peace dismissed the charges contained in the complaint of Officer Boyle and proceeded to a hearing on the summary charges of harassment brought by the private prosecutors. In the interim, to wit, on March 27, 1974, the summary offenses now before us filed by the private prosecutors, as heretofore alluded to, had been filed and those private prosecutors did appear at the hearing on May 16, 1974. The aforesaid hearing on May 16, 1974, did commence with the testimony of the three private prosecutors. However, before said hear-

ing could be completed, the magistrate became ill and the hearing was thereupon adjourned.[1]

On May 24, 1974, a criminal complaint was filed by Officer Smith, of the Bristol Township Police Department against defendant, charging him with aggravated assault, simple assault and disorderly practices. It is agreed that this complaint referred to the same matters arising as a result of the occurrence of March 4, 1974.[2]

On July 3, 1974, a hearing was held before the same district justice of the peace, at which time the three private prosecutors did not appear but their testimony was apparently incorporated by reference. We conclude the foregoing because, at the termination of this hearing, the district justice of the peace held that a prima facie case of aggravated assault, simple assault, disorderly practices and harassment had been established and defendant was held for action of the grand jury on the indictable offenses. In addition thereto, the three complaints for summary offenses instituted by the private prosecutors were likewise forwarded to this court for disposition together with the indictable offenses.

On October 8, 1974, the grand jury approved the indictment for aggravated assault and simple assault now before us. The criminal matters upon which the

---

[1] It is agreed by the Commonwealth that all of the matters now before us and those before the district justice of the peace arose out of the same occurrence.

[2] Apparently, defendant was never formally arrested on this complaint nor was a preliminary arraignment afforded him pursuant thereto. Although defendant assigns the foregoing as a basis upon which to find that this complaint is a nullity, by virtue of our disposition herein, we are not compelled to decide that question.

indictment was approved were fixed for trial before this court on December 11, 1974. The trial at that time was continued at the request of the Commonwealth due to the unavailability of the prosecutor, Officer Smith, and due to the absence of another Commonwealth witness. Defendant objected to this continuance.

The matter was again fixed for trial on January 27, 1975. Prior to that date, defendant had filed his motions to dismiss.

We are satisfied that Rule 1100 mandates the dismissal of those charges upon which defendant has been indicted as well as the summary offenses. Subsection (a)(1) of Rule 1100 provides that:

"Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

Simply stated, if the date on which we begin to compute the number of days from which trial is mandated is March 4, 1974, then the trial date of January 27, 1975, is in excess of 270 days thereafter and without some showing that the delay was occasioned by any actions of defendant, the matter must be dismissed. The Commonwealth contends that the days during which trial must be begun should begin and be computed from May 24, 1974, the date on which Officer Smith filed his complaint, and if so, then 270 days would not have elapsed on January 27, 1975.[3]

---

[3] It should be noted that the record is devoid of any evidence to show that the delay was, in any way, attributable to defendant or his actions, and further that the Commonwealth has made no application to the court for an order extending the time for commencement of trial as provided for in subsection (c) of Rule 1100.

Although there is virtually no authority as yet construing this relatively recent rule of criminal procedure, it has been held in Commonwealth v. Coffey, 230 Pa. Superior Ct. 49 (1974), that Rule 1100 governs the time limit in which a trial shall commence after "a written complaint has been filed". Inasmuch as a written complaint was filed against defendant on March 4, 1974, we believe that that is the date upon which the computation of time must begin. We can find no justification upon which to determine that upon the dismissal of that complaint by the district justice of the peace the time should begin to be computed from the date of the subsequent filing of a complaint by Officer Smith on May 24, 1974. The matter was fixed for preliminary hearing before the district justice of the peace on two separate occasions, on March 27, 1974, and May 16, 1974, and on neither occasion did Officer Boyle, the original prosecutor, appear. As a result of his failure to appear on the second occasion the district justice of the peace dismissed the charges. Certainly, his failure to appear and the resulting dismissal of charges cannot, in any way, be attributable to defendant but rather must be charged against the Commonwealth inasmuch as the prosecutor, a police officer, was acting for the Commonwealth in his filing of the complaint and securing of the warrant for defendant's arrest.

We believe that acceptance of the Commonwealth's contention permitting the re-starting of the running of the clock in every instance of a subsequent filing of a new complaint, would work serious mischief to defendant's rights as enunciated in Rule 1100 and would completely circumvent the obvious purpose of this rule to insure that a trial be held within the time strictures of the rule. Clearly, the Commonwealth is not hamstrung by this rule in those instances where

it has good and sufficient reason for its inability to bring a case to trial within the time required because it can secure an extension of time by application under subsection (c) of the rule. This, the Commonwealth did not do. In fact, the Commonwealth offered no explanation at all for Boyle's failure to appear on two consecutive occasions and for its failure to bring the matter to trial within 270 days of the date of the original complaint. To adopt the Commonwealth's position in this matter would have the effect of rendering the thrust of this rule completely ineffective. Therefore, we hold that the date on which the computation of time, as mandated under Rule 1100, began was when the original complaint against defendant was filed, March 4, 1974, and defendant's rights thereunder cannot be affected by the failure of the prosecutor to appear with the resultant dismissal of the charges by the district justice of the peace and the subsequent filing of a new complaint against him. Therefore, we determine that Rule 1100 dictates the dismissal of this indictment.

As previously stated, we have been able to find no cases directly on point. However, although we do not find that this rule of court is in all respects co-extensive with the right to a speedy trial as enunciated in the Sixth Amendment to the United States Constitution as applied to the States by Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed. 2d (1967), see also Commonwealth v. Ditzler, 443 Pa. 73 (1971), and Commonwealth v. Wagner, 221 Pa. Superior Ct. 50 (1971), we believe that there is a relevant analogy to be drawn. It was held in United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed. 2d 468 (1971), that it is either a formal indictment or information[4] or else the actual restraints upon defendant imposed by arrest

[4] A Federal prosecution can be instituted initially by indictment or by information.

and holding to answer a criminal charge that engaged the particular protections of the speedy trial provisions of the Sixth Amendment. The protection of the Sixth Amendment is activated when a criminal prosecution has begun and extends only to those persons who have been accused in the course of that prosecution.

United States v. Marion, supra, was cited as the authority for the dismissal of the charges against defendant in United States v. Small, 345 F. Supp. 1246 (D.C.E.D. Pa., 1972). In that case, defendant, a member of the United States Navy on duty in Vietnam, was charged by the Navy with the Federal criminal offense of sending marihuana through the mail to a person residing in the Eastern District of Pennsylvania. Defendant was effectively arrested in Vietnam, interrogated, searched, a prosecutor and defense counsel appointed, a judge appointed, and he was transferred to a disciplinary barracks in Vietnam. Thereafter, and without having been brought to trial, defendant was transferred and transported to the United States Navy Base at Philadelphia where he was held in custody for ten days, discharged from the Navy, and the criminal matters theretofore processed against him dismissed. He was thereupon indicted by the Federal grand jury in Philadelphia and he moved for dismissal of that indictment based upon the speedy trial provisions of the Sixth Amendment to the United States Constitution. In granting the motion for dismissal based upon the violation of defendant's constitutional rights to a speedy trial, the court held, in reliance upon United States v. Marion, supra, that one can become an accused for Sixth Amendment purposes by virtue of his arrest. Therefore, defendant's rights to a speedy trial became activated upon his arrest in Vietnam and the mere facts of the discharge of defendant from the Navy and the dismissal of those charges against him and the

subsequent indictment for criminal offenses arising out of the same occurrence, could have no effect upon his speedy trial rights. Therefore, the Federal district court held that defendant's rights to a speedy trial became activated upon his arrest in Vietnam by the Navy and computation of the time elapsing for purpose of application of his Sixth Amendment rights began on that date. We find the analogy between United States v. Small, supra, and the case before us compelling and are satisfied that that case dictates the same result in the one before us.

For the foregoing reasons, we determine that the charges against defendant asserted by virtue of the indictment before us must be dismissed with prejudice, on the ground that Rule 1100 has been violated, by virtue of subsection (f) of the said rule. In view of the fact that the summary offenses have never been disposed of, those matters must likewise be dismissed. Accordingly, we enter the following

### ORDER

And now, April 2, 1975, it is hereby ordered, directed and decreed that the charges of aggravated assault and simple assault as contained in indictment 1944-1974 sessions, as well as the summary offenses, are dismissed with prejudice for violation of Pa. R. Crim. P. 1100.