[No. B166421. Second Dist., Div. Five. Feb. 25, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL BLACK, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the indicated portion on page 113.

## Counsel

Verna Wefald, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Marc E. Turchin, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**TURNER, P. J.**—Defendant, Michael Black, appeals from his conviction based upon his nolo contendere plea to a felonious aggravated assault charge. In the published portion of this opinion, we discuss issues arising from the failure to commence a retrial within the time period specified by a district court when it conditionally granted defendant's federal habeas corpus petition. We conclude the nolo contendere plea may not be set aside even though

it was entered after the expiration of the time permitted for a retrial specified by a district court when it conditionally granted defendant's federal habeas corpus petition.

Defendant was charged with committing various felony offenses on June 29, 1995. Following a jury trial, defendant was convicted of assault with a deadly weapon. (Pen. Code,[1] § 245, subd. (a)(1).) The trial court found that defendant had previously been convicted of a serious felony. (§§ 667, subds. (b)–(d), 1170.12.) Defendant was sentenced on December 13, 1995, to 11 years in state prison. In the unpublished opinion of *People v. Black* (Feb. 24, 1997, B099656), we affirmed the judgment. On June 1, 1999, defendant filed a habeas corpus petition in the United States District Court for the Central District of California. On August 8, 2001, the district court dismissed the petition with prejudice. Thereafter, on October 19, 2001, defendant appealed to the United States Court of Appeals for the Ninth Circuit. On August 22, 2002, a Ninth Circuit panel filed an unpublished opinion reversing the district court's order dismissing the habeas corpus petition and remanding the matter. The Ninth Circuit panel found that defendant's trial counsel, a deputy public defender, was prejudicially ineffective for failing to interview two witnesses. In an order signed on October 3, 2002, filed on November 4, 2002, and entered on November 5, 2002, the district court judge ruled, "It is ordered and adjudged that a writ of habeas corpus shall issue and respondent shall discharge petitioner from all adverse consequences of his conviction in Los Angeles County Superior Court case [N]o. GA024709, unless, within 60 days from the date of this Judgment and Order, the State of California grants the petitioner a retrial in said case."

No Los Angeles County Superior Court proceedings were held until January 2, 2003, 58 days after the November 5, 2002, entry of the district court order. On January 2, 2003, the prosecutor explained to the trial court that: defendant had been transported from state prison to the county jail for purposes of retrial; defendant was sick and unable to appear on that date; and defendant had requested to be taken to the infirmary. The prosecutor noted that the following day, January 3, 2003, was the 59th day within which defendant could be brought to trial under the district court's order. Los Angeles County Deputy Public Defender Mark Licker then stated: "Mark Licker, deputy public defender. [¶] I should probably be appearing specially for Mr. Black." Mr. Licker noted that the office of the alternate public defender initially filed a state habeas corpus petition on defendant's behalf. Following a declaration of conflict of interest, Morton Borenstein had been appointed to represent defendant on the habeas corpus petition. Alternate Public Defender Irene Coyle also appeared on January 2, 2003, along with the prosecutor and Mr. Licker. Ms. Coyle indicated that if the alternate public

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

defender was called upon to represent defendant, it would be necessary for her office to determine whether a conflict of interest existed. The trial court issued a bench warrant and ordered the sheriff to produce defendant the following day, January 3, 2003.

On January 3, 2003, defendant was present and Deputy Public Defender Jill Thomas argued that the time for retrial had expired because the order was signed on October 31, 2002, by the district court. Ms. Thomas argued that even if the day the order was filed, November 4, 2002, was determined to be the date from which the 60 days began, it expired on January 3, 2003. Ms. Thomas noted that the order was sent by facsimile transmission to the Office of the Los Angeles County District Attorney on November 5, 2003. But no prosecutor sought the issuance of a removal order until mid-December 2003. The removal order set the date for defendant's appearance as January 2, 2003. Ms. Thomas argued, "[B]ecause the retrial was not granted within those 60 days, that the time has passed and [defendant] needs to be discharged." Deputy District Attorney Deborah Kass, who was prepared on that day to try the case, argued that because the district court order was filed on November 4, 2002, and entered on November 5, 2002, both dates fell within the 60-day period. Following further discussion regarding when the 60-day period began, Ms. Thomas, the deputy public defender, who first represented defendant on January 3, 2003, indicated she would not be ready to proceed to trial until such time that she could interview the witnesses. It was agreed between the trial court and counsel that they would return on January 16, 2003, with authority on the 60-day time period for retrial as well as whether a conflict of interest existed between the public defender's office and defendant. The trial court did not rule on Ms. Thomas's request that defendant be discharged from custody. Ms. Thomas did not seek to have the trial court rule on her motion to have defendant discharged from custody. On January 14, 2003, Ms. Thomas reported to the trial court that there was a conflict of interest. In addition, the alternate public defender's office declared a conflict of interest. Alan Messarra was appointed to represent defendant. At no time during the January 14, 2003, hearing did either Ms. Thomas or Mr. Messarra request defendant's discharge from custody. The matter was then continued to January 21, 2003.

On January 21, 2003, Mr. Messarra requested additional time to address the merits of the dismissal motion. Mr. Messarra asked that defendant be granted an own recognizance release. The own recognizance release request was denied. The matter was continued to January 30, 2003.

On January 30, 2003, Mr. Messarra argued the 60-day period for retrial commenced on October 31, 2002. The matter was then continued to February 10, 2003. On February 10, 2003, the matter was again continued to allow the

prosecution to file opposition to the dismissal motion. On February 26, 2003, Mr. Messarra argued that the 60 days began to run when the Ninth Circuit panel issued its mandate on September 13, 2002. The prosecutor argued that the state court had no jurisdiction to retry the case until the district court issued its order. In denying the dismissal motion, the trial court held that the 60-day time period began on November 4, 2002, the date the district court clerk filed the order.

Thereafter, on February 26, 2003, defendant entered a plea of no contest to the assault with a deadly weapon charge in count 3. Also, defendant admitted a prior serious felony conviction allegation was true. Defendant was then sentenced to a term of 4 years doubled to 8 years pursuant to sections 667, subdivision (e)(1) and 1170.12, subdivision (c)(1), with credit for 4,207 days served, including conduct credits. Counts 1 and 2 were dismissed pursuant to the plea agreement.

We agree with the Attorney General that the 60-day time period commenced to run on November 5, 2002, the day the district court order was entered. Rule 58 of the Federal Rules of Civil Procedure (28 U.S.C.) states in part: "Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Rule 79(a) of the Federal Rules of Civil Procedure (28 U.S.C.) states in pertinent part: "All papers filed with the clerk, all . . . orders . . . and judgments shall be entered chronologically in the civil docket . . . . The entry of an order or judgment shall show the date the entry is made." (See *Keating v. Hood* (9th Cir. 1999) 191 F.3d 1053, 1062–1063, overruled on other grounds in *Payton v. Woodford* (9th Cir. 2003) 346 F.3d 1204, 1218, fn. 18, disapproved on other grounds in *Mancuso v. Olivarez* (9th Cir. 2002) 292 F.3d 939, 944, fn. 1; *Radio Television Espanola v. New World Entert.* (9th Cir. 1999) 183 F.3d 922, 929.) Therefore, the operative date for complying with the district court's order was 60 days from November 5, 2002.

Defendant asserts that he was entitled to be released from custody once the trial did not commence within the 60-day time period specified in the district court's order. We begin by analyzing the scope of the federal court's powers in habeas corpus proceedings brought by state prisoners. The United States Supreme Court has explained: "Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner. [Citation.]" (*Fay v. Noia* (1963) 372 U.S. 391, 430–431 [9 L.Ed.2d 837, 83 S.Ct. 822], disapproved on another point in *Keeney v. Tamayo-Reyes* (1992) 504 U.S. 1, 4 [118 L.Ed.2d 318, 112 S.Ct. 1715], and *Coleman v. Thompson* (1991) 501 U.S. 722, 749–750 [115 L.Ed.2d 640, 111 S.Ct. 2546]; *Ex parte Medley*

(1890) 134 U.S. 160, 173 [33 L.Ed. 835, 10 S.Ct. 384] ["[U]nder the writ of habeas corpus we cannot do anything else than discharge the prisoner from the wrongful confinement . . . ."].)

The district court's selection of the 60-day time frame was pursuant to its powers to dispose of defendant's habeas corpus petition in a lawful and just manner. Title 28 United States Code section 2243 states in part, "The court shall . . . dispose of the matter as law and justice require." Pursuant to its powers to dispose of a habeas corpus matter "as law and justice require," a district court may conditionally grant a habeas corpus petition. Thereafter, the defendant is discharged from the restraint occasioned by the invalid conviction if no retrial occurs within the time specified by the district court. The Supreme Court has explained: "Federal habeas corpus practice, as reflected by the decisions of this Court, indicates that a court has broad discretion in conditioning a judgment granting habeas relief. Federal courts are authorized, under [title 28 United States Code section] 2243, to dispose of habeas corpus matters 'as law and justice require.' In construing [section] 2243 and its predecessors, this Court has repeatedly stated that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court. [Citations.]" (*Hilton v. Braunskill* (1987) 481 U.S. 770, 775 [95 L.Ed.2d 724, 107 S.Ct. 2113]; see *Irvin v. Dowd* (1961) 366 U.S. 717, 729 [6 L.Ed.2d 751, 81 S.Ct. 1639] [" 'this [c]ourt has often delayed the discharge of the petitioner for such reasonable time as may be necessary to have him taken before the court where the judgment was rendered, that defects which render discharge necessary may be corrected.' "].) If a state court fails to release the accused from the restraint occasioned by the invalid conviction, the district court retains the authority to evaluate noncompliance with the conditional order. (*Phifer v. Warden, U.S. Penitentiary, Terre Haute* (7th Cir. 1995) 53 F.3d 859, 864; *Paz v. Warden, Federal Correctional Institution* (10th Cir. 1986) 787 F.2d 469, 473.) The failure of the state court to comply with the conditional order may warrant the district court in ordering the outright release of the accused. (*Phifer v. Warden, U.S. Penitentiary, Terre Haute, supra,* 53 F.3d at p. 864; *Smith v. Lucas* (5th Cir. 1993) 9 F.3d 359, 366.) The power of the district court to ensure compliance with its orders was synthesized by the Seventh Circuit as follows: "A conditional order's framework contemplates that a district court will eventually make an assessment concerning compliance with its mandate. In many cases, whether or not the state has complied will be apparent—where, for instance, a court orders a new hearing and the state completely fails to provide one. In these cases, a specific assessment concerning compliance may be unnecessary—the writ will simply issue because it is apparent that the state has not fulfilled the mandate. In other cases, however, the district court will need to examine the content of the state's action to determine whether compliance was sufficient. *See Paz*

[*v. Warden, Federal Correctional Institution, supra,*] 787 F.2d 469." (*Phifer v. Warden, U.S. Penitentiary, Terre Haute, supra*, 53 F.3d at p. 865.)

However, the issuance of the conditional writ of federal habeas corpus and expiration of the 60-day time period did not prevent defendant from being retried on the information. Even when a defendant is unconditionally released from the restraint occasioned by the invalid conviction by a federal court, absent a situation where retrial is barred by the United States Constitution, the state court retains the power to retry the accused. (*Irvin v. Dowd, supra*, 366 U.S. at p. 729; *Capps v. Sullivan* (10th Cir. 1993) 13 F.3d 350, 353.) Further, assuming there is a proper charging document such as an information, indictment, or complaint, the accused can be rearrested and retried on the charge. As the Sixth Circuit explained: "A conditional grant of a writ of habeas corpus requires the petitioner's release from custody if new proceedings are not commenced by the state within the prescribed time period. *United States ex rel. Brown v. Rundle,* 427 F.2d 223, 224 (3d Cir. 1970). However, the state is not precluded from rearresting petitioner and retrying him under the same indictment. *Irvin* [*v. Dowd, supra*], 366 U.S. at [p.] 728 []; *United States ex rel. Craig v. Myers,* 329 F.2d 856, 860 (3d Cir. 1964); *United States ex rel. Lowry v. Case,* 283 F.Supp. 744, 745 (E.D.Pa. 1968)." (*Fisher v. Rose* (6th Cir. 1985) 757 F.2d 789, 791.) The Eleventh Circuit has explicitly held that if the time frame specified in the district court's conditional writ of habeas corpus expires, rearrest and reprosecution by state authorities remains an option. (*Moore v. Zant* (11th Cir. 1992) 972 F.2d 318, 320 ["[I]f the state fails to correct the defect within the given time and the prisoner is released from custody, the state may ordinarily still rearrest and reprosecute that person."]; accord, *Latzer v. Abrams* (D.C.N.Y. 1985) 615 F.Supp. 1226, 1228; *United States ex rel. Lowry v. Case, supra,* 283 F.Supp. at p. 745; *Pruett v. State* (Miss. 1987) 512 So.2d 689, 692; *State v. Cumbo* (1969) 9 Ariz.App. 253 [451 P.2d 333, 337].) The expiration of the 60 days after the conditional issuance of the federal writ of habeas corpus simply established defendant could not be held in custody as a result of his unconstitutional December 15, 1995, sentence. (*Moore v. Zant, supra,* 972 F.2d at p. 320; *Fisher v. Rose, supra,* 757 F.2d at p. 791, fn. 1.)

But, defendant was lawfully subject to the normal custodial status attendant to the fact he was charged in a felony information when he entered his February 26, 2003, no contest plea. Defendant never objected to any of the delays occasioned by the court's request for further briefing on the merits of the issues. Further, the trial court correctly denied defendant's dismissal motion—he could be rearrested and retried even though the 60-day time period set by the district court had expired. None of defendant's lawyers ever asked that *bail* be set, a motion that would have had to have been granted in the absence of evidence the risks to victims or witnesses fell within the

provisions of California Constitution article I, section 12, subdivision (c).[2] The trial court certainly acted within its discretion in denying the January 21, 2003, own recognizance release motion. Under these facts, dismissal on the grounds alleged was not an option. No doubt, defendant could not be *incarcerated* once it was apparent no retrial was going to occur during the 60-day time period specified by the district court. But he could be held for retrial as any person accused of a felony in an information as he was. The failure to commence a trial within the 60 days set forth in the district court's order did not invalidate defendant's nolo contendere plea. (*United States ex rel. Lowry v. Case, supra*, 283 F.Supp. at p. 745.)

Even if defendant was unlawfully held on the pending information, his nolo contendere plea precludes him from litigating the failure to commence the trial during the 60-day time period specified by the district court. In three cases, *Brady v. United States* (1970) 397 U.S. 742, 750 [25 L.Ed.2d 747, 90 S.Ct. 1463], *McMann v. Richardson* (1970) 397 U.S. 759, 770 [25 L.Ed.2d 763, 90 S.Ct. 1441], and *Parker v. North Carolina* (1970) 397 U.S. 790, 796–799 [25 L.Ed.2d 785, 90 S.Ct. 1458], the United States Supreme Court explained the effect of a guilty plea on an accused's later assertion of claimed violations of constitutional rights. In *Tollett v. Henderson* (1973) 411 U.S. 258, 267 [36 L.Ed.2d 235, 93 S.Ct. 1602], the Supreme Court synthesized the rule derived from *Brady*, *McMann*, and *Parker* as follows: "We thus reaffirm the principle recognized in the *Brady* trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." Although *Tollett* was a habeas corpus matter, the foregoing language is applicable to challenges to convictions based on guilty pleas on direct appeal. (*United States v. Broce* (1989) 488 U.S. 563, 569 [102 L.Ed.2d

---

[2] Article I, section 12 of the California Constitution states: "A person shall be released on bail by sufficient sureties, except for: [¶] (a) Capital crimes when the facts are evident or the presumption great; [¶] (b) Felony offenses involving acts of violence on another person, or felony sexual assault offenses on another person, when the facts are evident or the presumption great and the court finds based upon clear and convincing evidence that there is a substantial likelihood the person's release would result in great bodily harm to others; or [¶] (c) Felony offenses when the facts are evident or the presumption great and the court finds based on clear and convincing evidence that the person has threatened another with great bodily harm and that there is a substantial likelihood that the person would carry out the threat if released. [¶] Excessive bail may not be required. In fixing the amount of bail, the court shall take into consideration the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of his or her appearing at the trial or hearing of the case. [¶] A person may be released on his or her own recognizance in the court's discretion."

927, 109 S.Ct. 757] [absent a jurisdictional issue, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."]; *United States v. Foreman* (9th Cir. 2003) 329 F.3d 1037, 1038–1039; *United States v. Salazar* (10th Cir. 2003) 323 F.3d 852, 856; *United States v. Gonzalez* (1st Cir. 2002) 311 F.3d 440, 442; *United States v. Valdez-Santana* (1st Cir. 2002) 279 F.3d 143, 145; *United States v. Panarella* (3rd Cir. 2002) 277 F.3d 678, 687, fn. 4; *United States v. Herrera* (6th Cir. 2001) 265 F.3d 349, 351.) As the United States Supreme Court explained in *United States v. Ruiz* (2002) 536 U.S. 622, 628–629 [153 L.Ed.2d 586, 122 S.Ct. 2450], a case involving the waiver of the right to access to exculpatory information as part of a plea agreement, "When a defendant pleads guilty he or she . . . forgoes not only a fair trial, but also other accompanying constitutional guarantees." For our purposes, there is no difference between the guilty plea discussed in *Tollett* and defendant's nolo contendere plea. (*North Carolina v. Alford* (1970) 400 U.S. 25, 37 [27 L.Ed.2d 162, 91 S.Ct. 160]; *United States v. Marcus* (E.D.N.Y. 2003) 239 F.Supp.2d 277, 283.)

■ In the present case, defendant was represented by counsel at the time of the February 26, 2003, nolo contendere plea. There is no allegation or evidence that defendant's nolo contendere plea was involuntarily entered. Hence, defendant may not attack the validity of his plea on direct appeal because it occurred more than 60 days after the district court's conditional order of release was entered. The fact he had not been retried within the time frame specified by the district court order is not a ground for reversing the judgment.

■ One final note is in order. If the prosecution desires to try an accused during the period for retrial specified in a district court conditional habeas corpus order, there must be unquestioning obedience to the limitations set forth in the orders of the federal judiciary. This is not merely an issue of comity but a constitutional command of the supremacy clause in article VI, clause 2 of the United States Constitution.[3] The Sixth Circuit has explained: " 'The indisposition of state authority to act when given the opportunity to do so, if deliberate or persistent, can only serve to frustrate the effectiveness of the Great Writ and would be intolerable in the administration of justice.' " (*Fisher v. Rose, supra,* 757 F.2d at p. 791, quoting *Wynn v. Page* (10th Cir. 1968) 390 F.2d 545, 546.) Deliberate disregard of federal court orders is completely unacceptable, as is nonchalant treatment of the terms of a district court order. If the time frame in the conditional habeas corpus order is too

---

[3] Article VI, clause 2 of the United States Constitution states, "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

short, the Attorney General or a local prosecutor can seek an extension of time from the district court to retry the accused. (*Jones v. Wilson* (E.D.Tenn. 1970) 309 F.Supp. 708, 709; 28 U.S.C. § 2243.) Otherwise, as here, once the time frame in the conditional writ has expired, the accused must be retried as if it were an ordinary retrial during the 60-day time frame specified in section 1382, subdivision (a)(2).[4]

&ast;

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Grignon, J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 12, 2004.

.

---

[4] The pertinent portions in section 1382, subdivision (a)(2) applicable to this case states in part: "(a) The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases: [¶] . . . [¶] (2) In a felony case, when a defendant is not brought to trial . . . after the issuance of a writ or order which, in effect, grants a new trial, within 60 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney . . . ."

&ast;See footnote, *ante*, page 103.