Ruben Odell **BOULWARE**, Petitioner,

v.

D. **OLLISON**, Warden, Respondent.

No. CV 06–3744–R(E).

United States District Court,
C.D. California.

Aug. 22, 2007.

Ruben Odell Boulware, Pro se.

Supervising Deputy Attorney General Lance E. Winters, California Attorney General's Office, Los Angeles, CA, for Warden D. Ollison.

### ORDER DENYING MOTION TO REOPEN

REAL, District Judge.

### INTRODUCTION

Petitioner filed a "Motion to Reopen, etc." ("the motion") on June 20, 2007, seeking "immediate release from incarceration." Respondent filed a response on August 16, 2007. The Court has taken the motion under submission without oral argument. For the reasons discussed herein, the motion is denied.

## BACKGROUND

Following a jury trial in state court, Petitioner was convicted of two counts of workers' compensation fraud (Counts One and Two) and one count of insurance fraud (Count Four). In this federal habeas corpus proceeding, Petitioner challenged the constitutionality of his convictions on numerous grounds. By Judgment entered January 5, 2007, this Court granted a conditional writ of habeas corpus with respect to Petitioner's convictions on Counts One and Two, but otherwise denied relief. The January 5, 2007 Judgment provided in pertinent part:

> [A] conditional writ of habeas corpus is granted with respect to Petitioner's convictions on Counts One and Two ... Respondent shall discharge Petitioner from all adverse consequences of those convictions unless Petitioner is brought to retrial on Counts One and Two within ninety (90) days of the date the Judgment herein becomes final, plus any additional delay authorized under State law.

Neither Petitioner nor Respondent appealed the January 5, 2007 Judgment. The time for appeal expired on February 5, 2007.

On May 2, 2007, the state court dismissed Counts One and Two. At the same time, the state court resentenced Petitioner on Count Four. Thus, Petitioner presently is serving a sentence on Count Four only.

## SUMMARY OF PETITIONER'S CONTENTIONS

In the motion, Petitioner contends that this Court's Judgment has been violated. Petitioner argues that the state court waited too long to dismiss Counts One and Two. Petitioner also argues that the state court's resentencing on Count Four somehow violated the Judgment.

## DISCUSSION

■ Petitioner's contentions lack merit. The January 5, 2007 Judgment required the discharge of Petitioner from the consequences of his convictions on Counts One and Two within ninety days of the date the Judgment became final. Contrary to Petitioner's assumption, the Judgment did not become final until the expiration of the thirty-day period for filing an appeal from the Judgment. *See* Fed. R.App. P. 4(a)(1)A (notice of appeal must be filed within thirty days of the date judgment is entered); *cf. Moshier v. United States,* 402 F.3d 116, 118 (2nd Cir.2005) (unappealed federal criminal judgment becomes "final" for purposes of 28 U.S.C. section 2255 when the time for filing a direct appeal expires); *Kathrens v. United States,* 2006 WL 1587494 *2 (W.D.Wash. June 2, 2006) (same). Before the passage of ninety days from the finality of the January 5, 2007 Judgment, the state court timely dismissed Counts One and Two.

■ In any event, regardless of the timeliness of the dismissal, Petitioner now has received the relief contemplated in the January 5, 2007 Judgment, *i.e.,* a retrial on, or dismissal of, Counts One and Judgment has become moot. *Cf. Cumbo v. Eyman,* 409 F.2d 400 (9th Cir.1969) (state court's reversal of convictions challenged on federal habeas corpus moots the federal proceedings).

■ Finally, and contrary to Petitioner's argument, the state court's resentencing on Count Four did not violate the January 5, 2007 Judgment. The Judgment did not grant any relief as to Count Four.

Accordingly, the motion is denied. This denial is not intended and shall not be construed as an opinion that the May 2, 2007 resentencing was legal in all respects. An appeal from the resentencing is pend-

ing before the California Court of Appeal. *See http://appellatecases.courtinfo.ca.gov.* After Petitioner exhausts available state remedies regarding the resentencing, he may file a new federal habeas petition. The denial of the present motion merely determines that the resentencing did not violate the terms of this Court's January 5, 2007 Judgment.