Ruben Odell **BOULWARE**, Petitioner,

v.

John **MARSHALL**, Warden, Respondent.

No. CV 08–4665–R(E).

United States District Court, C.D. California.

Dec. 9, 2008.

---

884

Ruben Odell Boulware, San Luis Obispo, CA, pro se.

Michael Robert Johnsen, Office of Attorney General of California, Los Angeles, CA, for Respondent.

ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

MANUEL L. REAL, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein by United States mail on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

CHARLES F. EICK, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Manuel L. Real, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05–07 of the United States District Court for the Central District of California.

## PROCEEDINGS

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on July 17, 2008. Respondent filed an Answer on October 7, 2008. The Answer does not address the merits of Petitioner's claims. The Answer contends that the Petition is unexhausted only because Petitioner presently has pending a habeas corpus petition in the San Luis Obispo County Superior Court. Petitioner filed a Reply on October 24, 2008. On October 27, 2008, Petitioner filed: (1) a "Notice and Motion for Judicial Notice, etc."; and (2) a Traverse on the merits.

## BACKGROUND

A jury found Petitioner guilty of two counts of worker's compensation fraud in violation of California Insurance Code section 1871.4(a)(1) (Counts 1 and 2), and one count of insurance fraud in violation of California Penal Code section 550(a)(1) (Count 4) (*see* Respondent's Lodgment 10, p. 2; *People v. Boulware*, 2008 WL 963000, at *1 (Cal.Ct.App.2d Dist. Apr. 10, 2008)). The jury found that Petitioner had suffered four prior convictions qualifying as "strikes" under California's Three Strikes Law, California Penal Code sections 667(b)—(i) and 1170.12(a)—(d) (Respondent's Lodgment 10, p. 2; *People v. Boulware*, 2008 WL 963000, at *1). Pursuant to *People v. Superior Court (Romero)*, 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628 (1996), the trial court struck three of the prior convictions (Respondent's Lodgment 10, p. 2; *People v. Boulware*, 2008 WL 963000, at *1).

■ California law provides that, except as otherwise prescribed by law, and subject to the provisions of California Penal Code section 654,[1] where a person is convicted of multiple felonies, the court may impose sentence for a specified principal term and impose a consecutive sentence of one-third the midterm on the subordinate term or terms. *See* Cal.Penal Code § 1170.1(a). In Petitioner's case, the court

---

1. California Penal Code section 654 prohibits multiple punishments for offenses committed during a single course of conduct if the offenses were incidental to a single objective. *See People v. Perez*, 23 Cal.3d 545, 551, 153 Cal.Rptr. 40, 591 P.2d 63 (1979); *Neal v. State of California*, 55 Cal.2d 11, 19, 9 Cal.Rptr. 607, 357 P.2d 839 (1960), *cert. denied*, 365 U.S. 823, 81 S.Ct. 708, 5 L.Ed.2d 700 (1961); *People v. Watts*, 76 Cal.App.4th 1250, 1264, 91 Cal.Rptr.2d 1 (1999), *cert. denied*, 531 U.S. 837, 121 S.Ct. 97, 148 L.Ed.2d 56 (2000). Where section 654 prevents punishment for multiple offenses arising out of a single course of conduct, the court must "stay the execution of the sentence imposed for the lesser offense, the stay to become permanent upon completion of the sentence for the greater offense." *People v. Galvan*, 187 Cal.App.3d 1205, 1219, 232 Cal.Rptr. 410 (1986) (citations omitted).

selected Count 1 as the principal term, chose the upper term of five years on Count 1, and then doubled that term pursuant to the Three Strikes Law, California Penal Code sections 667(e)(1) and 1170.12(c)(1) (*see* Respondent's Lodgment 10, p. 2; *People v. Boulware*, 2008 WL 963000, at *1). *Id.* The court imposed and stayed sentence on Count 2 (*see* Respondent's Lodgment 10, p. 2; *People v. Boulware*, 2008 WL 963000, at *1). On Count 4, the court selected a consecutive subordinate term of one-third of the middle term of three years, *i.e.*, one year, doubled that term pursuant to the Three Strikes Law, and ordered the resulting two-year term to be served consecutively (*see* Respondent's Lodgment 10, p. 2; *People v. Boulware*, 2008 WL 963000, at *1). Petitioner thus received a total prison term of twelve years (*see* Respondent's Lodgment 10, p. 2; *People v. Boulware*, 2008 WL 963000, at *1).

After exhausting state remedies, Petitioner filed a habeas corpus petition in this court on June 15, 2006, in *Boulware v. Ollison*, CV 06–3744–R (E). On November 17, 2006, the Magistrate Judge issued a Report and Recommendation recommending that the Court issue an order conditionally granting habeas relief with respect to Petitioner's convictions for workers' compensation fraud (Counts 1 and 2) on the ground of instructional error, and otherwise denying the Petition with prejudice. On January 4, 2007, the District Court issued an Order adopting the Report and Recommendation. On January 5, 2007, the Court entered a Judgment providing:

> Pursuant to the Order of the Court Adopting the Findings, Conclusions and Recommendations of the United States Magistrate Judge, IT IS ADJUDGED that: (a) a conditional writ of habeas corpus is granted with respect to Petitioner's convictions on Counts One and Two of the Amended Information in Los Angeles County Superior Court Case No. BA241306, and thus Respondent shall discharge Petitioner from all adverse consequences of those convictions, unless Petitioner is brought to retrial on Counts One and Two within ninety (90) days of the date the Judgment herein becomes final, plus any additional delay authorized under State law; and (b) the Petition is otherwise denied and dismissed with prejudice.

On March 7, 2007, the Los Angeles County Superior Court called the case for further proceedings in *People v. Boulware*, case number BA241306 (Clerk's Transcript ["C.T."] 75). However, Petitioner did not appear and the matter was continued (C.T. 75). On March 8, 2007, Petitioner appeared and was rearraigned on Counts 1, 2 and 4 (C.T. 76).

On May 2, 2007, the prosecution announced it was unable to proceed on Counts 1 and 2, and the court dismissed those counts (Reporter's Transcript ["R.T."] 2–3; C.T. 85–86). The court indicated it would resentence Petitioner on Count 4 (R.T. 3, 4). The court imposed the upper term of five years on Count 4, doubled to ten years pursuant to the Three Strikes Law (R.T. 7–8; C.T. 85–87, 87A).

On May 16, 2007, Petitioner filed a Petition for Writ of Mandate in the California Court of Appeal (Respondent's Lodgment 1). On June 26, 2007, the California Court of Appeal denied the Petition for Writ of Mandate summarily (Respondent's Lodgment 2).

Meanwhile, on June 20, 2007, Petitioner filed a Motion to Reopen in *Boulware v. Ollison*, arguing that the state court violated this Court's Judgment in *Boulware v. Ollison* by waiting too long to dismiss Counts 1 and 2 and by resentencing Petitioner. On August 22, 2007, this Court

denied the Motion to Reopen.[2] *See Boulware v. Ollison,* 504 F.Supp.2d 901 (C.D.Cal.2007).

Petitioner, represented by counsel, appealed his state court resentencing. Petitioner also filed a *pro se* petition for habeas corpus which the Court of Appeal consolidated with Petitioner's direct appeal (*see* Respondent's Lodgment 11; Traverse, pp. 23–24).[3] On April 10, 2008, the Court of Appeal issued an opinion affirming the judgment, and a separate order denying Petitioner's companion petition for writ of habeas corpus (Respondent's Lodgments 10, 12).

On June 12, 2007, while Petitioner's direct appeal was pending, Petitioner filed a habeas corpus petition in the Los Angeles County Superior Court (*see* Respondent's Lodgment 11, Ex. A). On July 25, 2007, the Superior Court issued a written order denying the petition (*see* Respondent's Lodgment 11, Ex. D).

On December 17, 2007, while Petitioner's direct appeal was pending, Petitioner filed a habeas corpus petition in the Court of Appeal (Respondent's Lodgment 17). On January 8, 2008, the Court of Appeal denied the petition summarily (Respondent's Lodgment 18). On January 18, 2008, Petitioner filed a *pro se* petition for review in the California Supreme Court, which that court denied summarily on March 12, 2008 (Respondent's Lodgments 19, 22).

Meanwhile, on February 26, 2008, Petitioner filed a "Notice of Motion to Vacate Judgment, etc." in the Court of Appeal, challenging Petitioner's conviction for insurance fraud (Respondent's Lodgment 23). On March 4, 2008, the Court of Appeal denied the petition summarily (Respondent's Lodgment 24).

On April 18, 2008, following the Court of Appeal's decision affirming the judgment on direct appeal, Petitioner's appellate counsel filed a petition for review in the California Supreme Court (Respondent's Lodgment 13). On June 18, 2008, the California Supreme Court denied review summarily (Respondent's Lodgment 14).

On June 25, 2008, Petitioner filed a Complaint in the San Luis Obispo County Superior Court against the Los Angeles County District Attorney, the California Commissioner of Insurance, a fraud investigator for the Department of Insurance, and the Warden at Petitioner's place of incarceration, challenging the constitutionality of the insurance fraud statute, California Penal Code section 550, pursuant to which Petitioner was convicted on Count 4 (Respondent's Lodgment 25). The state defendants in that action have filed a demurrer, set for hearing on November 6, 2008 (Respondent's Lodgment 26).

## PETITIONER'S CONTENTIONS

Petitioner contends:[4]

---

**2.** Petitioner appealed the denial of his Motion to Reopen. On May 29, 2008, the Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability.

**3.** The Court takes judicial notice of the Court of Appeal's dockets in *People v. Boulware,* California Court of Appeal case number B199914, and *In re Boulware,* California Court of Appeal case number B201499, available on the California courts' website at www.courtinfo.ca.gov. *See Mir v. Little Company of Mary Hosp.,* 844 F.2d 646, 649 (9th

Cir.1988) (court may take judicial notice of court records). The dockets show that, on September 26, 2007, the Court of Appeal consolidated Petitioner's direct appeal with Petitioner's *pro se* habeas action.

**4.** Although some of Petitioner's claims are raised in the Traverse, the Court may consider claims raised in a Traverse. *See, e.g., Boardman v. Estelle,* 957 F.2d 1523, 1525 (9th Cir.), *cert. denied,* 506 U.S. 904, 113 S.Ct. 297, 121 L.Ed.2d 221 (1992).

1. The imposition of an upper term sentence allegedly violated the Sixth Amendment as interpreted in *Apprendi v. New Jersey*,[5] *Blakely v. Washington*,[6] and *Cunningham v. California*;[7]

2. The trial court allegedly violated the Ex Post Facto Clause by applying California Senate Bill 40 to impose an upper term sentence;

3. Petitioner's trial counsel allegedly rendered ineffective assistance, assertedly by: (a) failing to request Petitioner's release from custody following the expiration of ninety days from this Court's January 5, 2007 Judgment; and (b) failing to object to the imposition of an upper term sentence; and

4. Petitioner's appellate counsel allegedly rendered ineffective assistance, assertedly by: (a) failing to raise on appeal a claim that trial counsel assertedly rendered ineffective assistance in failing to request Petitioner's release; (b) filing an allegedly frivolous and duplicative claim on direct appeal; and (c) failing to challenge the trial court's jurisdiction to resentence Petitioner on Count 4.

## STANDARD OF REVIEW

A federal court may not grant an application for writ of habeas corpus on behalf of a person in state custody with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determina-

tion of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (as amended); *see also Woodford v. Visciotti*, 537 U.S. 19, 24–26, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002); *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); *Williams v. Taylor*, 529 U.S. 362, 405–09, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

"Clearly established Federal law" refers to the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision. *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). A state court's decision is "contrary to" clearly established Federal law if: (1) it applies a rule that contradicts governing Supreme Court law; or (2) it "confronts a set of facts ... materially indistinguishable" from a decision of the Supreme Court but reaches a different result. *See Early v. Packer*, 537 U.S. at 8, 123 S.Ct. 362 (citation omitted); *Williams v. Taylor*, 529 U.S. at 405–06, 120 S.Ct. 1495.

Under the "unreasonable application prong" of section 2254(d)(1), a federal court may grant habeas relief "based on the application of a governing legal principle to a set of facts different from those of the case in which the principle was announced." *Lockyer v. Andrade*, 538 U.S. at 76, 123 S.Ct. 1166 (citation omitted); *see also Woodford v. Visciotti*, 537 U.S. at 24–26, 123 S.Ct. 357 (state court decision "involves an unreasonable application" of clearly established federal law if it identifies the correct governing Supreme Court law but unreasonably applies the law to the facts).

5. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

6. 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

7. 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007).

A state court's decision "involves an unreasonable application of [Supreme Court] precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. at 407, 120 S.Ct. 1495 (citation omitted).

"In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (citation omitted). "The state court's application must have been 'objectively unreasonable.'" *Id.* at 520–21, 123 S.Ct. 2527 (citation omitted); *see also Davis v. Woodford*, 384 F.3d 628, 637–38 (9th Cir.2004).

In applying these standards, this Court looks to the last reasoned state court decision. *See Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir.2008). Where no such reasoned opinion exists, as where a state court rejected a claim in an unreasoned order, this Court must conduct an independent review to determine whether the decisions were contrary to, or involved an unreasonable application of, "clearly established" Supreme Court precedent. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.2000). If the state courts did not decide a federal constitutional issue on the

merits, this Court must consider that issue under a *de novo* standard of review. *See Pinholster v. Ayers*, 525 F.3d 742, 756 (9th Cir.2008) ("De novo review applies if the state court did not reach the merits of a particular issue.") (citation omitted).

## DISCUSSION

For the reasons discussed below, the Petition should be denied and dismissed with prejudice.[8]

### I. *Petitioner Is Not Entitled to Habeas Relief on His Claim that the Trial Court Imposed an Unconstitutional Upper Term Sentence*

#### A. *Legal Standards*

In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (*"Apprendi"*), the United States Supreme Court held that, regardless of its label as a "sentencing factor," any fact other than the fact of a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum among other things must be "proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (*"Blakely"*), the Supreme Court held that the "statutory maximum" for *Apprendi* purposes "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or*

---

**8.** In the Answer, Respondent concedes that all of the claims in the Petition "were presented to the California Supreme Court and are therefore themselves 'exhausted,'" but contends nevertheless that Petitioner's pending Superior Court action shows Petitioner has failed to exhaust his state remedies (Answer, pp. 4–5). Petitioner's pending state court action concerns a challenge to the constitutionality of California Penal Code section 550, and does not contain any of the claims asserted in the present Petition. Because Respon-

dent concedes, and the record shows, that Petitioner fairly presented the claims in the present Petition to the California Supreme Court, the Court deems the present Petition to be exhausted. *See* 28 U.S.C. § 2254(b)(3) (State may waive exhaustion requirement expressly). To the extent Respondent seeks dismissal of the Petition on a procedural ground other than exhaustion, Respondent's request is denied as moot in light of the disposition herein.

*admitted by the defendant ....*" *Blakely,* 542 U.S. at 303, 124 S.Ct. 2531 (original emphasis).

Under California's Determinate Sentencing Law ("DSL"), "three terms of imprisonment are specified for most offenses." *People v. Black,* 35 Cal.4th 1238, 1246–47, 29 Cal.Rptr.3d 740, 113 P.3d 534 (2005), *vacated on other grounds,* 549 U.S. 1190, 127 S.Ct. 1210, 167 L.Ed.2d 36 (2007). The statute defining the offense generally prescribes an upper term, a middle term and a lower term. *Cunningham,* 127 S.Ct. at 861. At the time of Petitioner's offenses, California Penal Code section 1170(b) required a sentencing court to impose the middle term "unless there [were] circumstances in aggravation or mitigation of the crime." In *Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007) ("*Cunningham*"), the Supreme Court held that the presumptive middle term, not the upper term, was the "relevant statutory maximum." *Cunningham,* 127 S.Ct. at 868. The Supreme Court ruled that a California judge's imposition of an upper term sentence based on facts found by the judge rather than the jury violated the Constitution. *Id.* at 871.

In response to *Cunningham,* the California Legislature enacted Senate Bill 40, effective March 31, 2007, amending California Penal Code section 1170(b) to eliminate any presumption regarding the middle term. *See* Cal.Penal Code § 1170(b) (as amended by Cal. Stats. 2007, ch. 3 (S.B. 40), § 2 (eff. March 30, 2007)).[9] Senate Bill 40 provided that, when a statute specified three possible terms, the choice of the appropriate term rested "within the sound discretion of the court." *Id.* The amended statute provides that the court shall select "the term which, in the court's discretion, best serves the interests of justice . . . ." *Id.*[10]

### B. *Factual Background*

After dismissing Counts 1 and 2 on the motion of the prosecutor, the court indicated that it was necessary to resentence Petitioner, stating: "Since I sentenced the defendant consecutively on Counts 1 and 4, that judgment that I rendered is no longer valid because Count 1 has been dismissed. So I have to enter a new judgment for the defendant." (R.T. 3, 4). The court indicated that it had reviewed the case and was prepared to render judgment (R.T. 4).

The court noted that it previously had stricken three of Petitioner's four strikes, and that Petitioner had admitted the remaining strike (R.T. 5).[11] Petitioner's

---

**9.** The legislative history indicates that Senate Bill 40 was an attempt to conform California law to *Cunningham*'s suggestion that a statute permitting a judge to exercise "broad discretion ... within a statutory range" would "encounter[ ] no Sixth Amendment shoal." *See* Senate Rules Committee Report for 2007 California Senate Bill 40, 2007–08 Regular Session, March 28, 2007, quoting *Cunningham,* 127 S.Ct. at 871; *People v. Wilson,* 164 Cal.App.4th 988, 992, 79 Cal.Rptr.3d 631 (2008) ("The California Legislature quickly responded to the *Cunningham* decision. Senate Bill 40 (SB 40) amended section 1170 in response to *Cunningham*'s suggestion that California could comply with the federal jury-trial constitutional guarantee by allowing trial judges broad discretion in selecting a term

within a statutory range, thereby eliminating the requirement of a judge-found factual finding to impose an upper term. [citations].").

**10.** Senate Bill 40 contained a sunset provision repealing the amended statute on January 1, 2009. The Legislature subsequently enacted an amended version of Penal Code section 1170 to become operative on January 1, 2009, which did not amend subsection (b). *See* Cal.Penal Code § 1170 (as amended by Cal. Stats. 2007, ch. 740 (A.B. 1539), § 2 (operative Jan. 1, 2009)).

**11.** Also, as previously indicated, the jury found true the strike allegations.

counsel waived time for sentence and arraignment on judgment, and stated there was no legal cause why sentence should not be pronounced (R.T. 5; C.T. 85).

The court noted the passage of California Senate Bill 40, conferring discretion on a sentencing court to impose a low, mid-term or upper term sentence (R.T. 5–6). The court stated that "issues related to the Defendant's prior conviction" were "outside of *Blakely* and *Cunningham*" (R.T. 6). The court continued:

> Well, I'm going to conduct a new analysis. My analysis in the past related to, when I imposed the high term, the defendant's prior performance on parole, probation, and his criminal past. So these matters that the court considered in imposing the high term in the past were always outside the parameters of *Blakely* and *Cunningham.*
>
> And how I analyzed it, which I agree with now, is essentially this: that I looked at the defendant's criminal history, I looked at his prior convictions. He had four robbery convictions from two separate cases. I dismissed all strikes related to the 1992 incident and then kept the one strike related to the residential—residential robbery, the more aggravated of the two instances of robbery, and applied that strike.
>
> And then I looked at the facts of his criminal past in considering high term as appropriate. And I'll read to you what I said.
>
> I said on page 37 of the sentencing transcript, "Having said that, the court notes that it has stricken three of his four strikes. It looks at the sentencing range—two, three, five years—two, three or five years. The court adopts the aggravating factors as listed in the probation report, that the defendant's prior convictions—or, actually no.

> "The defendant has served a prior prison term that the defendant was on probation or parole when he committed the offense and that the defendant's prior performance on parole was unsatisfactory. But these three aggravating factors outweigh mitigating factors of which I find none."
>
> That's how I analyzed it last time. Again, as stated under SB40, this is no weighing of aggravating or mitigating factors, but it seems to me that the same harmonics of the analyses apply here as well. I've stricken three of his strikes. I've taken him out of 25 to life. He's been convicted of a felony that has a sentencing range of two, three or five years.
>
> There is one strike left to be used, and based on his criminal history and the fact that I struck the strikes, it is in my view appropriate that I impose the high term and double that in this case. So for those reasons, the court will impose the high term in this case of five years in state prison, which is doubled pursuant to the strike, for a total term of ten years in state prison.

(R.T. 6–7).

## C. *Discussion*

■ Petitioner contends his sentence violated *Apprendi, Blakely*, and *Cunningham* because the sentencing court assertedly imposed the upper term based on factors not found by the jury or admitted by Petitioner. The Court of Appeal rejected this claim, ruling that, because under Senate Bill 40 a sentencing judge exercised broad discretion in imposing sentence within a statutory range, the trial court's choice of the upper term complied with *Apprendi, Blakely* and *Cunningham* (Respondent's Lodgment 10, p. 9; *People v. Boulware*, 2008 WL 963000, at *5). The Court of Appeal declined to reach the issue of whether sentencing Petitioner to an up-

per term under the law predating Senate Bill 40, or under *People v. Black*, 41 Cal.4th 799, 813, 62 Cal.Rptr.3d 569, 161 P.3d 1130 (2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 1063, 169 L.Ed.2d 813 (2008), or *People v. Sandoval*, 41 Cal.4th 825, 62 Cal.Rptr.3d 588, 161 P.3d 1146 (2007),[12] violated the Sixth Amendment (Respondent's Lodgment 10, p. 9; *People v. Boulware*, 2008 WL 963000, at *6).[13]

As indicated above, the sentencing court imposed the upper term based on Petitioner's "criminal history," which included a robbery conviction not only admitted by Petitioner but also found true by the jury. The court also cited Petitioner's service of a prior term, his status as a parolee at the time of the offense, and his unsatisfactory performance on parole.

The law is clear that the imposition of an upper term sentence based upon a prior conviction does not violate *Apprendi, Blakely* or *Cunningham*. In endorsing a "prior conviction exception" to its requirement that a jury find true the facts used to increase a sentence beyond the statutory maximum, the *Apprendi* Court cited its earlier decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) ("*Almenda-*

*rez–Torres* "). *Apprendi*, 530 U.S. at 487–90, 120 S.Ct. 2348. In *Almendarez–Torres*, the Court ruled that an indictment was not defective for failure to charge the fact of a prior conviction used as a sentence enhancement, on the ground that the prior conviction was not an element of the offense. *Almendarez–Torres*, 523 U.S. at 238–47, 118 S.Ct. 1219. Both *Cunningham* and *Blakely* reaffirm the holding in *Apprendi* that "[o]ther than the fact of a prior conviction," a jury must decide any fact that increases punishment beyond the statutory maximum. *See Cunningham*, 127 S.Ct. at 869; *Blakely*, 542 U.S. at 301, 124 S.Ct. 2531; *see also Butler v. Curry*, 528 F.3d 624, 643–44 (9th Cir.2008), *pet. for cert. filed* Oct. 16, 2008 (No. 08–517) ("we have repeatedly recognized our obligation to apply the *Almendarez–Torres* exception"); *United States v. Delaney*, 427 F.3d 1224, 1226 (9th Cir.2005) ("The Supreme Court has made clear that the fact of a prior conviction need not be proved to a jury beyond a reasonable doubt or admitted by the defendant to satisfy the Sixth Amendment.") (citation omitted); *United States v. Martin*, 278 F.3d 988, 1006 (9th Cir.2002) ("*Apprendi* expressly excludes recidivism from its scope. Defen-

---

12. On remand from the United States Supreme Court in *People v. Black*, the California Supreme Court held, *inter alia*, that the existence of a single legally sufficient aggravating factor made the defendant eligible for the upper term, rendering the upper term the "statutory maximum." *People v. Black*, 41 Cal.4th 799, 813, 62 Cal.Rptr.3d 569, 161 P.3d 1130 (2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 1063, 169 L.Ed.2d 813 (2008). In *People v. Sandoval*, the California Supreme Court judicially reformed the version of California Penal Code section 1170(b) predating the effective date of Senate Bill 40 to allow sentencing courts full sentencing discretion to impose a low, middle or upper term in cases remanded for resentencing. *People v. Sandoval*, 41 Cal.4th at 849–53, 62 Cal.Rptr.3d 588, 161 P.3d 1146.

13. Petitioner contends the Court of Appeal did not reach the merits of Petitioner's claim that his upper term sentence violated *Apprendi, Blakely* and *Cunningham*, and that this Court should apply a *de novo* standard of review (*see* Traverse, pp. 5–6). As indicated herein, the Court of Appeal decided that, because Senate Bill 40 conferred discretion on a sentencing court within a statutory range, Petitioner received a constitutional sentence. In any event, regardless of whether this Court were to apply a *de novo* standard of review or the more deferential standard set forth in 28 U.S.C. section 2254(d), for the reasons discussed herein Petitioner's sentence was not unconstitutional.

dant's criminal history need not be proved to a jury beyond a reasonable doubt. [citations].").

■ The Ninth Circuit has cautioned that the prior conviction exception is a "narrow" one. *See Butler v. Curry,* 528 F.3d at 644–45; *United States v. Kortgaard,* 425 F.3d 602, 609–10 (9th Cir.2005) (citations omitted). In *Butler v. Curry,* the Ninth Circuit set forth three "prerequisites" to application of the exception:

First, "[t]he fact of a prior conviction is the *only* fact that both increases a penalty beyond the statutory maximum and can be found by a sentencing court." [citation]. Second, the narrow prior conviction exception applies only to facts directly reflected in the documents of conviction, not to secondary "facts that are derived or inferred" from a prior conviction or from the conviction documents. [citation]. Third, as the prior conviction exception is justified by the reliability of court documents created as part of a process with Sixth Amendment safeguards, it does not extend to facts that may be proven only by reference to documents that were not developed as a result of such a process. [citation].

*Butler v. Curry,* 528 F.3d at 645 (original emphasis). Thus, the exception "does not extend to qualitative evaluations of the nature or seriousness of past crimes, because such determinations cannot be made solely by looking to the documents of conviction." *Id.* at 644 (citation omitted). The *Butler* Court held that the prior conviction exception did not encompass a defendant's status as a parolee at the time of the offense or performance on parole. *Id.* 647.

■ Here, however, regardless of whether Petitioner's sentencing court also cited factors outside of the prior conviction exception, the court's use of the *fact* of Petitioner's prior conviction was permissible under *Apprendi* and its progeny. *See Apprendi,* 530 U.S. at 487–90, 120 S.Ct. 2348; *Blakely,* 542 U.S. at 301, 124 S.Ct. 2531; *Cunningham,* 127 S.Ct. at 869. In California "the existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term." *People v. Black,* 41 Cal.4th 799, 813, 62 Cal.Rptr.3d 569, 161 P.3d 1130 (2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 1063, 169 L.Ed.2d 813 (2008); *People v. Osband,* 13 Cal.4th 622, 728, 55 Cal. Rptr.2d 26, 919 P.2d 640 (1996), *cert. denied,* 519 U.S. 1061, 117 S.Ct. 696, 136 L.Ed.2d 618 (1997); *see also Butler v. Curry,* 528 F.3d at 641–41. "Therefore, if one aggravating circumstance has been established in accordance with the constitutional requirements set forth in *Blakely,* the defendant is not 'legally entitled' to the middle term sentence, and the upper term sentence is the 'statutory maximum.'" *People v. Black,* 41 Cal.4th at 813, 62 Cal.Rptr.3d 569, 161 P.3d 1130. This Court is bound to accept the California Supreme Court's interpretation of state law in this regard. *See Butler v. Curry,* 528 F.3d at 642–43. Because the existence of Petitioner's prior conviction rendered the upper term the "statutory maximum" under California law, Petitioner's sentence did not exceed the statutory maximum, and hence did not violate *Apprendi, Blakely* or *Cunningham.*

## II. Petitioner Is Not Entitled to Habeas Relief on His Ex Post Facto Claim.

■ In analyzing an Ex Post Facto claim, the "controlling inquiry" is whether retroactive application of a change in state law creates a "sufficient risk of increasing the measure of punishment attached to the covered crimes." *Garner v. Jones,* 529 U.S. 244, 259, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000) (citation and internal quotations

omitted); *Scott v. Baldwin,* 225 F.3d 1020, 1022 (9th Cir.2000). The focus is not on whether a legislative change produces "some ambiguous sort of 'disadvantage,'" but rather "on whether any such change increases the penalty by which a crime is punishable." *Garner v. Jones,* 529 U.S. at 255, 120 S.Ct. 1362 (quoting *California Dep't of Corrections v. Morales,* 514 U.S. 499, 506–07 n. 3, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995); internal quotations and ellipses omitted). "A law does not violate the clause if it 'created only the most speculative and attenuated risk of increasing the measure of punishment attached to the covered crimes.'" *Brown v. Palmateer,* 379 F.3d 1089, 1093 (9th Cir. 2004) (quoting *California Dep't of Corrections v. Morales,* 514 U.S. at 513, 115 S.Ct. 1597).

■ Petitioner contends that the sentencing court violated the Ex Post Facto Clause by applying Senate Bill 40 to Petitioner, who committed his offenses before the effective date of Senate Bill 40. Petitioner contends that, after *Cunningham,* the statutory maximum sentence became the middle term (three years), and that Senate Bill 40 assertedly increased the statutory maximum to the upper term (five years) (*see* Traverse, pp. 12–13). The Court of Appeal rejected Petitioner's Ex Post Facto claim, ruling that, under *People v. Sandoval, supra,* a sentencing scheme such as that enacted by Senate Bill 40 created "'only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment'" (Respondent's Lodgment 10, pp. 9–10; *People v. Boulware,* 2008 WL 963000, at *6) (quoting *People v. Sandoval,* 41 Cal.4th at 854, 62 Cal.Rptr.3d 588, 161 P.3d 1146).

In *People v. Sandoval, supra,* the California Supreme Court discussed the proper procedure for resentencing defendants whose sentences had been declared invalid under *Cunningham.* The court declined to decide whether the provisions of Senate Bill 40 were retroactive, stating that instead it could judicially reform former Penal Code section 1170(b) in a manner consistent with Senate Bill 40. *People v. Sandoval,* 41 Cal.4th at 845–46, 62 Cal. Rptr.3d 588, 161 P.3d 1146. The *Sandoval* Court rejected the defendant's argument that such a judicial reformation of the statute would violate the Ex Post Facto clause, indicating that the elimination of the presumptive middle term could not be expected to have the effect of increasing the sentence for any particular crime. *Id.* at 855, 62 Cal.Rptr.3d 588, 161 P.3d 1146. The *Sandoval* Court reasoned that, to the extent the sentencing court possessed increased discretion to impose the upper term, the court also possessed an equally increased discretion to impose the lower term. *Id.* at 855, 62 Cal.Rptr.3d 588, 161 P.3d 1146. The court also indicated that the difference in the amount of discretion exercised by a court in selecting the upper term under the former DSL was not "substantial" as compared to that contemplated in the court's new sentencing scheme. *Id.* The court noted that a sentencing court would continue to be guided by state rules specifying general sentencing policy objectives and specific aggravating and mitigating factors to be considered at sentencing. *Id.*

In *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court held that the mandatory nature of the Federal Sentencing Guidelines violated the Sixth Amendment as construed in *Apprendi* and *Blakely.* As a remedy, the Court excised the elements of the Sentencing Reform Act that made the Guidelines mandatory, rendering Guidelines merely advisory and hence constitutional. *Id.* at 245–68, 125 S.Ct. 738.

The *Booker* Court observed that it had "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range," and that "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id.* at 233, 125 S.Ct. 738.

The Ninth Circuit has rejected ex post facto-related due process challenges to the retroactive application of the remedial holding of *Booker*. *See United States v. Dupas*, 419 F.3d 916, 920–21 (9th Cir. 2005), *cert. denied*, 547 U.S. 1011, 126 S.Ct. 1484, 164 L.Ed.2d 261 (2006); *see also United States v. Ingham*, 486 F.3d 1068, 1078–79 & n. 8 (9th Cir.), *cert. denied*, —— U.S. ——, 128 S.Ct. 403, 169 L.Ed.2d 283 (2007); *United States v. Williams*, 441 F.3d 716, 725 (9th Cir.), *cert. denied*, 549 U.S. 927, 127 S.Ct. 295, 166 L.Ed.2d 225 (2006).[14] In *Butler v. Curry, supra*, the Ninth Circuit rejected a claim that the California Supreme Court's judicial reformation of the law in *People v. Sandoval* violated Ex Post Facto principles contained in the Due Process Clause, deeming the issue "controlled" by *United States v. Dupas*. *Butler v. Curry*, 528 F.3d at 652 n. 20. If application of the judicially-created rule of discretionary sentencing endorsed in *People v. Sandoval* does not violate Ex Post Facto principles, neither does application of the same rule contained in Senate Bill 40.

Additionally, as discussed above, even prior to the enactment of Senate Bill 40, the upper term was the statutory maximum for a defendant with a prior conviction. *See People v. Osband*, 13 Cal.4th at 728, 55 Cal.Rptr.2d 26, 919 P.2d 640. Therefore, Senate Bill 40 did not impose any "sufficient risk of increasing the measure of punishment attached to the covered crimes" for defendants, such as Petitioner, who had a prior conviction.

For the foregoing reasons, the state courts' rejection of Petitioner's Ex Post Facto claim was not contrary to, or an objectively unreasonable application of, any clearly established Federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on this claim.

## III. Petitioner's Claims of Ineffective Assistance of Counsel Lack Merit.

### A. Legal Standards

To establish ineffective assistance of counsel, Petitioner must prove: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("*Strickland*"). A reasonable probability of a different result "is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. The court may reject the claim upon finding either that counsel's performance was reasonable or the claimed error was not prejudicial. *Id.* at 697, 104 S.Ct. 2052; *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir.2002)

---

**14.** "The Ex Post Facto Clause of Article I, Section 9, by its terms, applies only to changes in the law resulting from legislative or executive action, but the [Supreme] Court has extended similar principles to the Due Process Clause to cover 'unforeseeable [judicial] construction of a criminal statute.'" *United States v. Dupas*, 419 F.3d at 920 n. 3 (citation omitted; brackets in original). In *United States v. Ingham*, 486 F.3d at 1079 n. 8, the Ninth Circuit emphasized that its decision in *United States v. Dupas* rested on Ex Post Facto principles.

("Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other.") (citation omitted). For purposes of habeas review under 28 U.S.C. section 2254(d), *Strickland* sets forth clearly established Federal law as determined by the United States Supreme Court. *See Williams v. Taylor,* 529 U.S. at 391, 120 S.Ct. 1495 (citation and quotations omitted).

Review of counsel's performance is "highly deferential" and there is a "strong presumption" that counsel rendered adequate assistance and exercised reasonable professional judgment. *Williams v. Woodford,* 384 F.3d 567, 610 (9th Cir.2004), *cert. denied,* 546 U.S. 934, 126 S.Ct. 419, 163 L.Ed.2d 319 (2005) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052). The court must judge the reasonableness of counsel's conduct "on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052. The court may "neither second-guess counsel's decisions, nor apply the fabled twenty-twenty vision of hindsight." *Karis v. Calderon,* 283 F.3d 1117, 1130 (9th Cir.2002), *cert. denied,* 539 U.S. 958, 123 S.Ct. 2637, 156 L.Ed.2d 655 (2003) (citation and quotations omitted); *see Yarborough v. Gentry,* 540 U.S. 1, 8, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) ("The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.") (citations omitted). The test is "only whether some reasonable lawyer ... could have acted, in the circumstances, as defense counsel acted." *Coleman v. Calderon,* 150 F.3d 1105, 1113 (9th Cir.) (citations and quotations omitted), *rev'd on other grounds,* 525 U.S. 141, 119 S.Ct. 500, 142 L.Ed.2d 521 (1998); *see also Babbitt v. Calderon,* 151 F.3d 1170, 1173–74 (9th Cir.1998), *cert. denied,* 525 U.S. 1159, 119 S.Ct. 1068, 143 L.Ed.2d 72 (1999) (relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable) (citation and quotations omitted). Petitioner bears the burden to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 (citation and quotations omitted).

Petitioner raised his claims of ineffective assistance of trial counsel in his *pro se* petition for review filed in the California Supreme Court and in his habeas petition filed in the Court of Appeal which those courts denied summarily (*see* Respondent's Lodgments 17, 18, 19, 22). Therefore, this Court must conduct an independent review to determine whether the decisions were contrary to, or involved an unreasonable application of, "clearly established" Supreme Court precedent. *See Delgado v. Lewis,* 223 F.3d at 982.

### B. *Failure to Seek Petitioner's Release*

As indicated above, on January 5, 2007, this Court entered Judgment ordering Respondent to discharge Petitioner from all adverse consequences of his convictions on Counts 1 and 2, unless Petitioner was brought to retrial on those Counts "within ninety (90) days of the date the Judgment herein becomes final, plus any additional delay authorized under State law." Petitioner asserts that his attorney ineffectively failed to seek Petitioner's release from custody on April 5, 2007, the date Petitioner contends the ninety-day period expired (Traverse, p. 13). Petitioner relies on *People v. Black,* 116 Cal. App.4th 103, 10 Cal.Rptr.3d 113 (2004).

In *People v. Black,* a federal court granted habeas relief and ordered the respondent to discharge the petitioner from all adverse consequences of his conviction

"unless, within 60 days from the date of this Judgment and Order, the State of California grant[ed] the petitioner a retrial in said case." *People v. Black*, 116 Cal. App.4th at 106, 10 Cal.Rptr.3d 113. The defendant asserted he was entitled to release from custody because his retrial did not commence within the sixty-day period. *Id.* at 108, 10 Cal.Rptr.3d 113. The court ruled that, while the failure of a state court to comply with a conditional order could warrant a district court's order of outright release, the state retained the power to retry the defendant and to hold him in custody pending retrial. *Id.* at 109–111, 10 Cal.Rptr.3d 113.

Petitioner asserts that his case presents a scenario "identical" to *People v. Black* (Traverse, p. 14). Petitioner's assertion is incorrect. The district court's order in *People v. Black* required the respondent to discharge the petitioner from all adverse consequences of his conviction unless the State retried the petitioner within sixty days *"from the date of [the] Judgment and Order." People v. Black*, 116 Cal.App.4th at 106, 10 Cal.Rptr.3d 113 (emphasis added). In contrast, in Petitioner's prior habeas case, this Court ordered Respondent to discharge Petitioner from all adverse consequences of his convictions on Counts 1 and 2 unless Petitioner was brought to retrial on those Counts, "within ninety (90) days *of the date the Judgment herein becomes final,* plus any additional delay authorized under State law" (emphasis added). As this Court held in *Boulware v. Ollison*, 504 F.Supp.2d at 902, the Court's Judgment granting habeas relief became final thirty days after the date the Judgment was entered, *i.e.,* on February 5, 2007.[15] The ninety-day period for bringing

Petitioner to retrial expired on May 7, 2007.[16] Petitioner's case was called for trial, and Petitioner's resentencing occurred, prior to that date. Unlike in *People v. Black*, the State brought Petitioner to retrial within the time specified by this Court.

For these reasons, Petitioner's counsel reasonably could have determined that any attempt to secure Petitioner's release on the ground that the State supposedly had failed to bring Petitioner to retrial within the time specified by this Court would have been futile. Counsel cannot be deemed ineffective for failing to make a meritless argument. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir.1996), *cert. denied*, 519 U.S. 1142, 117 S.Ct. 1017, 136 L.Ed.2d 894 (1997) ("the failure to take a futile action can never be deficient performance"); *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.), *cert. denied*, 493 U.S. 869, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989) ("[T]he failure to raise a meritless legal argument does not constitute ineffective assistance of counsel"; citation and internal quotations omitted). Additionally, and for the same reasons, Petitioner has not shown a reasonable probability of a different result had counsel sought Petitioner's release. Hence, Petitioner has not shown *Strickland* prejudice.

### C. *Failure to Object to Imposition of Upper Term*

Petitioner contends his attorney ineffectively failed to object to the imposition of an upper term and refused to file a notice of appeal (Traverse, p. 16). However, for the reasons discussed above, any objection to an upper term sentence would have been futile in light of Petitioner's prior

---

**15.** Because the thirty-day period expired on February 4, 2007, a Sunday, the Judgment became final the following day, February 5, 2007. *See* Fed.R.Civ.P. 6(a).

**16.** Because the ninety-day period expired on May 6, 2007, a Sunday, the ninety-day period expired the next day, May 7, 2007. *See* Fed. R.Civ.P. 6(a).

conviction, which Petitioner admitted and the jury found true. *Strickland* did not obligate counsel to make a meritless argument. *See Rupe v. Wood,* 93 F.3d at 1445; *Shah v. United States,* 878 F.2d at 1162. Additionally, even assuming, *arguendo,* Petitioner's counsel refused to file a notice of appeal, the record shows Petitioner perfected his appeal. Therefore, any alleged failure of counsel to file a notice of appeal did not prejudice Petitioner.

### D. *Conclusion*

For the foregoing reasons, the state courts' rejection of Petitioner's claims of ineffective assistance of trial counsel were not contrary to, or an objectively unreasonable application of, any clearly established Federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on these claims.

### IV. *Petitioner's Claims of Ineffective Assistance of Appellate Counsel Lack Merit.*

The standards set forth in *Strickland* govern claims of ineffective assistance of appellate counsel. *See Smith v. Robbins,* 528 U.S. 259, 285–86, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); *Bailey v. Newland,* 263 F.3d 1022, 1028 (9th Cir.2001), *cert. denied,* 535 U.S. 995, 122 S.Ct. 1556, 152 L.Ed.2d 479 (2002). Appellate counsel has no constitutional obligation to raise all non-frivolous issues on appeal. *Pollard v. White,* 119 F.3d 1430, 1435 (9th Cir.1997). "A hallmark of effective appellate counsel is the ability to weed out claims that have no likelihood of success, instead of throwing in a kitchen sink full of arguments with the hope that some argument will persuade the court." *Id.* Appellate counsel's failure to raise an issue on direct appeal cannot constitute ineffective assistance when "the appeal would not have provided grounds for reversal." *Wildman v. Johnson,* 261 F.3d 832, 840 (9th Cir.2001) (citation omitted).

Petitioner raised his claims of ineffective assistance of appellate counsel in his *pro se* petition for review filed in the California Supreme Court and in his habeas petition filed in the Court of Appeal, which those courts denied summarily (*see* Respondent's Lodgments 17, 18, 19, 22). Therefore, this Court must conduct an independent review to determine whether the decisions were contrary to, or involved an unreasonable application of, "clearly established" Supreme Court precedent. *See Delgado v. Lewis,* 223 F.3d at 982.

### A. *Failing to Raise a Claim that Trial Counsel Ineffectively Failed to Request Petitioner's Release*

Plaintiff faults his appellate counsel for neglecting to challenge on appeal trial counsel's failure to request Petitioner's release on the ground that the State assertedly did not bring Petitioner to retrial within the time specified in this Court's January 5, 2007 Judgment. As discussed above, trial counsel did not act ineffectively in failing to make this meritless argument. Therefore, appellate counsel did not act ineffectively in failing to raise this claim of ineffective assistance. *See Wildman v. Johnson,* 261 F.3d at 840. Moreover, and for the same reasons, Petitioner has not shown that appellate counsel's conduct prejudiced Petitioner. *See Featherstone v. Estelle,* 948 F.2d 1497, 1507 (9th Cir.1991) (where trial counsel's performance did not fall below the *Strickland* standard, "petitioner was not prejudiced by appellate counsel's decision not to raise issues that had no merit") (footnote omitted).

### B. *Allegedly Filing an Assertedly Frivolous and Duplicative Claim on Appeal*

Petitioner contends that he requested appellate counsel *not* to raise on

appeal Petitioner's challenge to the imposition of an upper term sentence, because Petitioner assertedly already had challenged his sentence in Petitioner's *pro se* habeas petition (Petition, p. 6; Traverse, pp. 23–25). Petitioner also appears to contend that appellate counsel made allegedly poor arguments in support of the challenge to Petitioner's sentence (*see* Traverse, p. 24). Petitioner has not shown how counsel's actions prejudiced Petitioner. The Court of Appeal indicated some difficulty in "pinpointing" appellate counsel's contentions, but nevertheless reached the merits of counsel's arguments, and did not reject those arguments as either frivolous or duplicative (*see* Respondent's Lodgment 10, pp. 5–10; *People v. Boulware*, 2008 WL 963000, at *3–6). Furthermore, as Petitioner concedes, Petitioner challenged his upper term sentence in his *pro se* habeas petition, which the Court of Appeal consolidated with Petitioner's appeal. Petitioner does not contend that his own challenge to his upper term sentence in his *pro se* habeas petition was frivolous. The Court of Appeal rejected that challenge on the merits (*see* Respondent's Lodgment 12). In such circumstances, Petitioner has not shown a reasonable probability of a different outcome if counsel had omitted counsel's challenge to Petitioner's upper term sentence.

### C. *Failing to Challenge the Trial Court's Jurisdiction to Resentence Petitioner on Count 4*

■ Although Petitioner contends appellate counsel ineffectively failed to challenge on appeal the trial court's jurisdiction to resentence Petitioner on Count 4, Petitioner himself raised this contention in his *pro se* Notice of Appeal, asserting that Petitioner's "sentence [was] entered in excess of jurisdiction" (C.T. 88). The Court of Appeal ruled that, under California law, the trial court was entitled to reconsider

and restructure the entire sentence (*see* Respondent's Lodgment 10, pp. 7–8; *People v. Boulware*, 2008 WL 963000, at *5). This federal Court cannot redetermine this adjudicated issue of state law. *See Ring v. Arizona*, 536 U.S. 584, 603, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (state court's construction of state law is "authoritative" on federal habeas review); *see also Holgerson v. Knowles*, 309 F.3d 1200, 1202 (9th Cir. 2002), *cert. denied*, 538 U.S. 1005, 123 S.Ct. 1915, 155 L.Ed.2d 837 (2003) (habeas court "bound by California's interpretation of its state law"; citation omitted); *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942, 110 S.Ct. 344, 107 L.Ed.2d 332 (1989) (habeas court must defer to state court's interpretation of state law unless interpretation is "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation"; citation omitted). "[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Therefore, Petitioner has not shown a reasonable probability of a different result if appellate counsel had raised the jurisdictional issue on appeal.

Petitioner asserts that the Court of Appeal erred in interpreting California law, and that the Court of Appeal's decision was a "subterfuge" (Traverse, pp. 19–21). These assertions lack merit.

■ "It is settled that a felony defendant's original aggregate prison term cannot be *increased* on remand for resentencing following a partially successful appeal." *People v. Burbine*, 106 Cal.App.4th 1250, 1253, 131 Cal.Rptr.2d 628 (2003) (citations omitted; original emphasis). Here, at resentencing, the trial court did not impose a sentence greater than Petitioner's original twelve-year sentence.

■ Under the DSL, when a defendant receives consecutive sentences for multiple offenses, "the judgment or aggregate determinate term is to be viewed as interlocking pieces consisting of a principal term and one or more subordinate terms." *People v. Begnaud*, 235 Cal.App.3d 1548, 1551–52, 1 Cal.Rptr.2d 507 (1991) (citation omitted). "If the conviction underlying the principal term is reversed, it then becomes necessary for the trial court to select the next most serious conviction to compute a new principal term." *People v. Bustamante*, 30 Cal.3d 88, 104 n. 12, 177 Cal.Rptr. 576, 634 P.2d 927 (1981). "Thus, whenever an appellate court reverses a conviction for the principal term, the trial court retains jurisdiction over the entire cause as needed to make the necessary modifications in the sentence." *Id.*; *see also People v. Begnaud*, 235 Cal.App.3d at 1554, 1 Cal.Rptr.2d 507 (where conviction for which the principal term was imposed is reversed, the court on remand has "full authority to select any sentencing choice allowed by applicable law...."); *People v. Hill*, 185 Cal.App.3d 831, 230 Cal.Rptr. 109 (1986) ("When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may consider all sentencing choices. This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of independent components.") (citations omitted). Under these authorities, in Petitioner's case, the dismissal of Count 2 and Count 1, the former principal term, mandated resentencing on the remaining term, Count 4. Under such circumstances, the Court of Appeal's holding that the trial court had jurisdiction to resentence Petitioner on Count 4 cannot be deemed a "subterfuge."

Petitioner contends, however, that his appellate counsel was aware of a case allegedly supporting Petitioner's position, *People v. Lincoln*, 50 Cal.Rptr.3d 855 (Cal. Ct.App.2d Dist.2006), *rev. granted*, 55 Cal. Rptr.3d 863, 153 P.3d 954 (Cal.2007) (*see* Traverse, pp. 20–21). Because the California Supreme Court granted review in that case on February 21, 2007, prior to Petitioner's resentencing and subsequent appeal, appellate counsel could not have cited the case as authority on appeal. *See* Cal. Ct. R. 8.1110, 8.1115. In any event, the Court of Appeal's published opinion on remand from the California Supreme Court in *People v. Lincoln* shows that the first opinion in that case would not have supported Petitioner's jurisdictional claim.

In *People v. Lincoln*, the defendant was found guilty of three counts of attempted voluntary manslaughter and three counts of assault with a firearm. *See People v. Lincoln*, 157 Cal.App.4th 196, 199–200, 68 Cal.Rptr.3d 596 (2007) ("*Lincoln II*"). The court sentenced the defendant on all six counts, but stayed the sentences on the assault counts. *Id.* The Court of Appeal reversed the three voluntary manslaughter convictions and remanded the case with directions that, if the State elected not to retry the defendant, or he was acquitted on retrial, the court should lift the stay on the assault charges. *Id.* When the State chose not to retry the defendant, the trial court "revisited" the sentences on the three assault charges. *Id.* The court designated one of the assault counts as the principal count and imposed the upper term on that count. *Id.* at 201, 68 Cal. Rptr.3d 596. The court decided to impose consecutive terms on the other two counts, and converted the sentences on those counts to consecutive sentences of one-third the midterm. *Id.*

The defendant appealed, contending the trial court lacked jurisdiction on remand to

modify his sentence, and that his new sentence violated *Blakely*. *Lincoln II*, 157 Cal.App.4th at 200, 68 Cal.Rptr.3d 596. In the depublished opinion upon which Petitioner relies, the Court of Appeal rejected the defendant's *Blakely* argument, but concluded that the trial court did not have jurisdiction on remand to impose consecutive sentences. *Id.* at 201, 68 Cal.Rptr.3d 596. After granting review, the California Supreme Court transferred the case to the Court of Appeal with directions to vacate its decision and reconsider the cause in light of *People v. Black,* 41 Cal.4th 799, 813, 62 Cal.Rptr.3d 569, 161 P.3d 1130 (2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 1063, 169 L.Ed.2d 813 (2008), and *People v. Sandoval, supra. See People v. Lincoln,* 67 Cal.Rptr.3d 172, 169 P.3d 96 (Cal.2007).

In *Lincoln II*, the Court of Appeal held that the defendant's sentence violated *Cunningham*. The Court of Appeal ruled that the error was not harmless, and vacated the defendant's total sentence "to make available the full array of discretionary choices for sentencing." *Lincoln II*, 157 Cal.App.4th at 204, 68 Cal.Rptr.3d 596. The Court of Appeal noted that, although the trial court had exceeded the "limited authority" conferred by the Court of Appeal's earlier remand order when it modified the stayed sentences by ordering them to be served consecutively, the scope of that remand was no longer relevant because the underlying sentence on the principal term was "constitutionally unsound." *Id.* at 204 n. 3, 68 Cal.Rptr.3d 596.

Both *Lincoln II* and the prior, depublished opinion in that case indicate that, where the Court of Appeal issues a re-

mand order expressly limiting the authority of the trial court with respect to resentencing, the trial court could not exceed that authority. This proposition had no application to Petitioner's case. In issuing a conditional grant of habeas corpus, this Court did not circumscribe the resentencing authority of the trial court on remand. This Court's conditional order was directed to Respondent, over whom this Court had jurisdiction, and was not directed to any state court.[17] The record does not show that the Court of Appeal or the California Supreme Court limited the trial court's jurisdiction to resentence Petitioner on Count 4 following this Court's conditional grant of habeas corpus. In these circumstances, a reasonable attorney could have concluded that the first opinion in *People v. Lincoln* would not have plausibly supported any argument that the trial court lacked jurisdiction to reconsider Petitioner's sentence.

### D. *Conclusion*

For the foregoing reasons, the state courts' rejection of Petitioner's claims of ineffective assistance of appellate counsel were not contrary to, or an objectively unreasonable application of, any clearly established Federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on these claims.

### RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) de-

---

**17.** Thus, the Superior Court's minutes and the abstract of judgment reciting that this federal Court assertedly ordered resentencing on Count 4 are incorrect (*see* C.T. 85, 87A).

The reporter's transcript of the sentencing hearing does not indicate that the state court believed this Court had ordered resentencing on Count 4.

nying and dismissing the Petition with prejudice.

DATED: November 12. 2008.

## JUDGMENT

Pursuant to the Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge,

IT IS ADJUDGED that the Petition is denied and dismissed with prejudice.